# APRIL, 1908.

---

HOUSTON & TEXAS CENTRAL RAILROAD COMPANY ET AL. v. W. H. ROBERTS ET AL.

Decided April 1, 1908.

**1.—Evidence—Opinion—Value—Ordinary Care.**

A witness cannot be permitted to testify as to what would have been the value, at their destination, of live stock shipped by rail, if they had been transported within a reasonable time and with ordinary care, the answer involving his opinion as to what would constitute ordinary care. Following ruling herein on certified question, 101 Texas, 418.

**2.—Evidence—Usual Time—Responsive Answer.**

A witness who had stated that he knew the usual time for transporting cattle by rail between certain points, in answer to the question "What is it?" gave the time in hours, and also stated the best time ever made with his shipment and the time taken on some other occasions. Held, that the answer as to the time of such particular shipments was not irresponsive, and was admissible.

**3.—Definitions—Ordinary Care—Reasonable Time.**

See definition of ordinary care held not improper, though differing from the usual, and therefore preferable, form of statement. Reasonable time held to be a term not needing definition.

**4.—Charge—Evidence.**

It was error, in a suit against connecting carriers, to submit the issue as to whether plaintiff's cattle were negligently handled or unreasonably delayed by one of the defendants, where the only proof was of delay. Also to submit issue as to unreasonable delay by one against whom there was no evidence of delay.

**5.—Charge—Joint Defendants.**

A general instruction, in a suit against several connecting carriers of a shipment of cattle, that plaintiff could recover if they were not transported with ordinary care, was not misleading where, in other parts of the charge, it was shown that each was liable only for injury on its own line.

Appeal from the District Court of Llano County. Tried below before Hon. Clarence Martin.

*S. R. Fisher, J. H. Tallichet* and *S. M. Fisher* (*Baker, Botts, Parker & Garwood* and *J. W. Terry,* of counsel) for appellants.— The question called for and the answer of the witness gave his opinion or conclusion of what was ordinary care and diligence, matters for the determination of the jury and not of any witness or of the plaintiff. Pecos & N. T. Ry. Co. v. Evans-Snider-Buel Co., 93 S. W., 1026, s. c. (Sup. Ct.), 97 S. W., 466; Houston & T. C. R. Co. v. Schuttee, 91 S. W., 806; San Antonio & A. P. Ry. Co. v. Jackson, 85 S. W., 446; Texas & P. Ry. Co. v. Lee, 51 S. W., 351, 352; Evans v. Hardeman, 15 Texas, 484; Boehringer v. Richards Medicine Co., 29 S. W., 510; Cincinnati, I. St. L. & C. R. Co. v. Case, 122 Ind., 310; 42 Am. & Eng. R. R. Cases, 537.

It is not permissible for a witness to testify what in his opinion is or is not ordinary care and diligence, or to answer a question which involves his opinion or conclusion thereon. Missouri, K. & T. Ry. Co. v. Miller, 8 Texas Civ. App., 241; Bugbee Land & Cattle Co. v. Brents, 31 S. W., 695; Sonnefield v. Mayton, 39 S. W., 166-168; St. Louis & S. F. Ry. Co. v. Nelson, 49 S. W., 713; De Walt v. Houston E. & W. T. Ry. Co., 55 S. W., 534-537; Ft. Worth & D. C. Ry. Co. v. Thompson, 2 Texas Civ. App., 173.

The court erred in overruling defendants' motion to strike out the volunteered testimony of the plaintiff, Schults, while testifying on direct examination in plaintiffs' behalf, viz.: "Mr. Schults, do you know what is the usual and ordinary time in which to make shipments of cattle in train load lots from Llano to Fairfax?" "Yes, sir." "What is it?" "About from thirty-two to thirty-six hours. I had made it in thirty-one hours, I believe that is the best time. I made it in twenty-seven hours from Lampasas to a point fifty or sixty miles further than Fairfax. I went to Davidson, Kansas, over the same road." Gulf, C. & S. F. Ry. Co. v. Irvine & Woods, 73 S. W., 541.

The court erred in the charge because the same submits to the jury as an issue the question whether or not plaintiffs' cattle were negligently handled or transported by the Houston & Texas Central Railroad Company, in addition to the question whether or not said cattle were unreasonably delayed by said company, although there was no evidence of any negligence on the part of said company except alleged delays. Houston & T. C. R. Co. v. Mayes, 97 S. W., 318; Texas & Pac. Ry. Co. v. Berchfield, 12 Texas Civ. App., 145; O'Dair v. Missouri, K. & T. Ry. Co., 14 Texas Civ. App., 539; Galveston, H. & S. A. Ry. Co. v. Waldo, 26 S. W., 1005; Houston & T. C. Ry. Co. v. Artusey, 31 S. W., 319.

*McLean & Spears,* for appellees.—Duty of railroads to transport

within "a reasonable time." Ft. Worth & D. C. Ry. Co. v. Great-house, 82 Texas, 111; Gulf, C. & S. F. Ry. Co. v. Porter, 25 Texas Civ. App., 491; San Antonio & A. P. Ry. Co. v. Turner, 94 S. W., 216; Gulf, C. & S. F. Ry. Co. v. Baugh, 42 S. W., 246; St. Louis I. M. & S. Ry. Co. v. Gunter, 86 S. W., 940.

Proper to prove by qualified witness what was such reasonable time. Texas & N. O. Ry. Co. v. Walker, 95 S. W., 743; Sabine & E. T. Ry. Co. v. Brousard, 69 Texas, 622, 623; Texas & P. Ry. Co. v. Ellord, 87 S. W., 362; Chicago, R. I. & T. Ry. Co. v. Carroll, 81 S. W., 1021; International & G. N. R. R. Co. v. McGhee, 81 S. W., 805; Chicago, R. I. & T. Ry. v. Kapp, 83 S. W., 234; San Antonio & A. P. Ry. Co. v. Griffith, 70 S. W. 438, 439; Woods v. State, 75 S. W., 38, 39.

Opinion of witness, though not expert in particular science, if he state facts upon which same is based, admissible. Gulf, C. & S. F. Ry. Co. v. Hepner, 83 Texas, 140.

Witness may state opinion as to the very fact in issue. McCray v. G., H. & S. A. Ry. Co., 89 Texas, 173; Scalf v. Collin County, 80 Texas, 517; International & G. N. R. R. Co. v. Klaus, 64 Texas, 293; Galveston, H & S. A. Ry. Co. v. Bohan, 47 S. W., 1052, 1053.

The object of all testimony is to prove the very fact to be found by the jury. International & G. N. R. R. Co. v. Mills, 34 Texas Civ. App., 127.

Witness who gives his opinion should state facts upon which same is based. Gulf, C. & S. F. Ry. Co. v. Locker, 78 Texas, 282; Gulf, C. & S. F. Ry. Co. v. Hepner, 83 Texas, 140; Scalf v. Collin County, 80 Texas, 517; St Louis & S. F. Ry. Co. v. Johnson, 78 Texas, 541; Gulf, C. & S. F. Ry. Co. v. Richards, 83 Texas, 206.

RICE, ASSOCIATE JUSTICE.—This was a suit by W. H. Roberts and C. E. Schults against the Houston & Texas Central Railroad Company, the Gulf, Colorado & Santa Fe Railway Company and the Atchison, Topeka & Santa Fe Railway Company for the recovery of damages to a shipment of stock cattle from Llano and Marble Falls, Texas, to Fairfax, Oklahoma, on or about the 19th of April, 1906, based upon alleged delays and rough handling of said shipment while being transported.

A jury trial resulted in a verdict and judgment for the plaintiffs against the Houston & Texas Central Railroad Company for $207.65; against the Gulf, Colorado & Santa Fe Railway Co. for $622.95, and against the Atchison, Topeka & Santa Fe Railway Co. for $298.50, from which judgment this appeal is prosecuted.

By their first, second and third assignments of error, appellants raise practically the same questions, for which reason they will be considered together. It is urged thereunder that the court erred in permitting the plaintiff Roberts to testify that from thirty-two to thirty-six hours was a reasonable time within which to transport a train of cattle from Llano to Fairfax, when they are transported with ordinary care and diligence, because it is contended that said testimony was the opinion or conclusion of the witness on a mixed question of law and fact.

While the plaintiff Roberts was on the stand, his counsel propounded the following question: "From your knowledge and experience as a cattleman, and from your experience in shipping cattle to the Territory and vicinity over these roads, having gone with several shipments over the roads by which these cattle were shipped, what is a reasonable time within which to transport a train of cattle from Llano to Fairfax, when they are transported with ordinary care and diligence?" To which the witness, over the objection of the appellants, answered that he had had them to make it in thirty-four hours and was thoroughly satisfied anywhere from thirty to thirty-six hours (would be a reasonable time).

The plaintiffs were likewise asked if they knew what the market value of these cattle would have been in Fairfax, had they been transported with ordinary care and diligence, in the condition they would have been in had they been so transported. Objection was made to the witnesses answering said questions on the ground that their answer would involve their opinion or conclusion as to what was ordinary care and diligence, and would be permitting the witnesses to give their opinion on a mixed question of law and fact. The objection being overruled, the witnesses answered that they did know, and that the value would have been about $18 per head. At a former day of this term of this court, the questions arising in this case, as above outlined, were certified to the Supreme Court, as to whether or not the admission of said testimony over the appellants' objection was error, and in answer to which, by an opinion handed down by said Court on the 11th day of March, 1908, said Court held that said testimony should not have been allowed, holding that same involved the opinion of the witnesses upon a mixed question of law and fact, and was improper and ought not to have been admitted, the court saying, that the witness, "in answering, if he answered intelligently, must have determined for himself what would constitute ordinary care, and then have deduced from a consideration of all the elements that would, in his opinion, enter into the question of the time reasonably necessary for the transportation in the exercise of such care, a conclusion as to what that time should be. The elements or facts which should be considered were first to be determined in part by the court in the admission and exclusion of evidence; and the conclusion to be drawn from them as to the time reasonably required to carry the cattle to their destination with ordinary diligence was then to be drawn by the jury by applying to the facts admitted in evidence their own judgment as to what would constitute ordinary diligence and a reasonable time. The opinion of the witness, therefore, was given, in part, upon questions of law addressed to the court and, in part upon conclusions of fact to be drawn by the jury." (Houston & T. C. R. Co. v. Roberts, 101 Texas, 418.) The court further holding that the fact that the witness may have possessed greater knowledge as to the existence of facts entering into the inquiry than the jury are supposed to have had, did not make such a conclusion as this admissible; citing in support of said ruling, Gainesville, H. & W. Ry. Co. v. Hall, 78 Texas, 170, and Scalf v. Collin County, 80 Texas, 517,

There being error in the admission of this testimony, these assignments are sustained.

We do not think there is any error as complained of in appellant's fourth assignment of error, because we believe the testimony of Schults was not a voluntary statement, but was responsive to the question asked; nor do we believe that his answer thereto is shown to have been based upon an isolated trip, as contended for by appellants; and therefore overrule this assignment.

Appellants by their fifth assignment urge that the court erred in its definition of ordinary care, the court having defined the same to be that degree of care, precaution or diligence which may properly be expected or required, having regard to the nature of the act or duty, and to the attending circumstances; and by their sixth assignment urge that the court erred in its definition of reasonable time, which is stated in the charge to be "such length of time as may fairly, properly and reasonably be allowed or required, having regard to the nature of the act or duty and to the attending circumstances." While we do not concur in appellants' contention, and think the objections hypercritical, still, we would suggest that it might be better to conform to the usual definition of ordinary care as laid down by the text writers and decisions; and it would probably be best not to undertake to define what is reasonable time, because this is an expression which, in our judgment, needs no definition, as the average juror is supposed to know what is meant by the same.

Under the seventh, eighth and ninth assignments of error it is complained, first, that the court erred in that paragraph of its charge which submitted to the jury the question as to whether or not plaintiff's cattle were negligently handled or transported by the Houston & Texas Central Railroad Co., in addition to the question whether or not such cattle were unreasonably delayed by said Company. This charge, so far as it related to negligent or rough handling of said cattle by said Company, was unwarranted by the evidence, there being nothing to show any rough handling of the cattle by said Company during said shipment, and we sustain the objection made to said charge on this ground, but overrule the objection made thereto so far as the same submits to the jury the issue of delay in said shipment by said Company, because there was evidence upon this last issue.

Appellants' objection to the charge on the ground that it submitted to the jury the issue as to whether or not the plaintiffs' cattle were negligently or unreasonably delayed by the Gulf, Colorado & Santa Fe Railway Company is overruled, because there is evidence in the record warranting the submission of said issue.

Appellants' objection to the charge on the ground that it submitted to the jury an issue as to whether said shipment of cattle was negligently and unreasonably delayed by the Atchison, Topeka & Santa Fe Railway Co., is sustained, there being no evidence of delay by said road found in the record.

We do not believe there is any merit in the contention urged by appellants in their fifth proposition under these assignments, for the reason that subsequent portions of the charge expressly limit

the right to recover on the part of plaintiffs against each company for such damages as may have been shown by the evidence to have been occasioned by them respectively, if any, and we do not think the jury could have been misled by this abstract statement in a former portion of the charge, as complained of.

The remaining assignments of error are each addressed to the alleged insufficiency of the evidence to support the verdict, but under the view we take of this case it is unnecessary for us to discuss these assignments, this being a matter peculiarly within the province of the jury to determine upon the evidence submitted to them.

For the errors heretofore pointed out, the judgment of the court below will be reversed and the cause remanded.

*Reversed and remanded.*