MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS ET AL. v. J. R. PETTIT.

Decided March 10, 1909.

**1.—Evidence—Matter of Inducement.**

The admission of evidence not covered by the allegations of the petition, but constituting mere matter of inducement, is not grounds for reversal.

**2.—Evidence.**

The admission of improper evidence where the same testimony is elicited by the complaining party or received without objection on his part is not ground for reversal.

**3.—Evidence—Declarations of Agent.**

Statements by the yard master of a railroad in explanation of delay at his station, plaintiff having been referred to him for information by the station agent and the declarations being made by him in discharge of his duties, were admissible as res gestae.

**4.—Evidence—Expert Opinion.**

A witness qualified by experience with frequent shipments of cattle, may testify as to the effect upon them of rough handling of the train.

**5.—Same.**

A witness qualified by sufficient experience in a shipment of cattle, may testify as to the average rate of speed made by cattle trains.

**6.—Evidence—Objection.**

An objection to evidence not urged in the trial court is not available upon appeal.

**7.—Evidence—Opinion—Market Value.**

A witness qualified by sufficient experience as a salesman at stock yards may testify as to the market price of cattle of given description at a named date.

**8.—Evidence—Opinion—Effect of Delay in Transportation.**

A witness qualified by sufficient experience in buying, selling and shipping cattle may testify as to the effect which delay in their transportation would have on their salable appearance in the market.

**9.—Carrier of Live Stock—Negligence—Charge.**

Instructions defining the care and diligence required of carriers of live stock in their transportation held correct. .

**10.—Requested Instructions.**

Charges relieving a carrier of live stock from liability for the results of such delay and rough handling as are ordinarily incident to such transportation held properly refused because substantially embraced in the instructions given.

**11.—Same.**

A requested instruction is erroneous which requires a verdict for defendant in case of a favorable finding upon one issue when there are other issues involved upon which a recovery by plaintiff might be supported.

**12.—Same.**

There is no error in the refusal of a charge relieving a carrier from liability for damages occurring upon the lines of another company where no evidence of damage incurred upon such other line was introduced.

Appeal from the County Court of Williamson County. Tried below before Hon. T. J. Lawhon.

Petitioner sued the Missouri, Kansas & Texas Railway Company of Texas, and the Missouri, Kansas & Texas Railway Company, and defendants appealed from a judgment recovering damages against them.

*Spell & Nickles,* for appellants.—This testimony as to the supposed yardmaster's statements was immaterial and irrelevant and, the party with whom plaintiff had the conversation not having been identified as an agent of these defendants, the conversation testified to was merely hearsay as to these defendants and the statements therein made were not in any sense binding on the defendants, the admission of the testimony was therefore error. Dyer v. Insurance Co., 63 Texas, 356; Railway Co. v. Ivy, 71 Texas, 409.

The witness having previously testified that at the time of the jerk complained of he was in the caboose, a considerable distance away from the cattle, he was not qualified to testify as to the effect of the jerk. Trinity, etc., Ry. Co. v. Lane, 79 Texas, 345.

The court erred in the first, second and third paragraphs of his charge to the jury, wherein he attempts to define the terms "Reasonable Diligence," "Ordinary Care" and "Negligence." These paragraphs of the court's charge are as follows: "By the term 'reasonable diligence,' as used herein, is meant that degree of diligence which a reasonably prudent and diligent person would and should exercise un-

der the same or similar circumstances. By the term 'ordinary care,' as used herein, is meant that degree of care which a person of ordinary prudence would and should exercise under the same or similar circumstances. By the term 'negligence,' as used herein, is meant the doing of something which a person of ordinary prudence would and should not do under the same or similar circumstances, or the failure to do something which a person of ordinary prudence would and should do under the same or similar circumstances." Railway Co. v. Daniels, 20 S. W., 955, 1 Texas Civ. App., 695; Railway Co. v. Duncan, 31 S. W., 562, 10 Texas Civ. App., 479; Railway Co. v. Curlin, 36 S. W., 1003, 13 Texas Civ. App., 505; Receivers v. Phflinger, 25 S. W., 792; Ervin v. Railway Co., 42 S. W., 661.

The special charge, as requested, correctly announced a principle of law applicable to the facts of this case, which principle of law and the facts to which it was applicable were not adequately covered in the court's main charge. Even if the charge was not entitled to be submitted, as presented to the court, still it was sufficient to call the court's attention to the fact of the defect in his main charge and his refusal to submit the special charge and his failure to cure the defect in his main charge constituted error. Railway Co. v. Vaughan, 41 S. W., 415; Railway Co. v. Gunter, 86 S. W., 940; Gulf, C. & S. F. Ry. Co. v. Baird, 75 Texas, 256; Railway Co. v. Williams, 77 Texas, 122; Harris v. Howell, Receiver, 74 Texas, 537; Texas & P. Ry. Co. v. Adams, 78 Texas, 374; McCarty v. Gulf, C. & S. F. Ry. Co., 79 Texas, 37; McCarn v. International & G. N. Ry. Co., 84 Texas, 353; Hunter v. Railway Co., 76 Texas, 195; Gulf, C. & S. F. Ry. Co. v. Looney, 85 Texas, 158; International & G. N. Ry. Co. v. Mahula, 1 Texas Civ. App., 182; Gulf, C. & S. F. Ry. Co. v. Wright, 2 Texas Civ. App., 463; International & G. N. Ry. Co. v. Thornton, 3 Texas Civ. App., 147; Gulf, C. & S. F. Ry. Co. v. Clarke, 5 Texas Civ. App., 547; Gulf, C. & S. F. Ry. Co. v. Crossman, 11 Texas Civ. App., 623; Texas & P. Ry. Co. v. Richardson & Tiffany, 94 Texas, 575.

*W. H. Nunn* and *Henderson & Lockett,* for appellee.

RICE, ASSOCIATE JUSTICE.—Appellee brought this suit against appellants for the recovery of damages sustained by him to a shipment of 159 head of beef cattle while in transit over appellants' lines of railway from Smithville, Texas, to East St. Louis, Ill., alleging unreasonable delays and rough handling en route, whereby he sustained damage to said shipment in the aggregate sum of $901.04, predicated upon the killing outright of one of said animals, the crippling of another and decrease in weight of the others, depreciation in the market on account of reaching the same one day late, as well as depreciation in their value on account of "the stale appearance" of said cattle when they arrived.

Defendants filed a general demurrer, general denial and several special answers, among other things setting up contributory negligence on the part of plaintiff in failing to properly care for said cattle en route, in accordance with his contract so to do; and pleading

that section of their contract limiting their liability to injuries occurring on their own lines, and requiring notice to carrier of injuries before cattle were taken from the cars or mingled with other stock, etc. And further contended that if said cattle were injured by reason of any delay and rough handling, defendants were not liable therefor, because the same was only such as was ordinarily incident to the operation of their trains.

Plaintiff addressed special exceptions to those portions of said answer which set up contributory negligence, and that part thereof requiring shipper to give notice of any injuries resulting to stock on account of the carrier's negligence before the cars left the carrier's line and before the stock mingled with other stock or were removed from pens at destination, which exceptions were sustained.

There was a jury trial, resulting in a verdict and judgment for plaintiff for $376, with interest thereon, from which judgment this appeal is prosecuted.

We do not think there was any error in permitting plaintiff to testify that he ordered the cars a week before the cattle were shipped. This statement appears to be only matter of inducement. Besides, there was nothing in the statement that was calculated to prejudice appellants' rights. In addition to this it appears that appellants themselves, on cross-examination of this witness, elicited the same testimony, and therefore they have no right to complain.

Nor do we think there was any error, as complained of in appellants' second assignment, in permitting the plaintiff to testify that he had a conversation with a party that he took to be the yardmaster as to the time when the train would leave, and who told him in explanation of the delay in starting that the crew was at supper, and he would have to wait until they got back, and that the switch engine was broken down, and when they got the engine in shape and began loading it was about 9:30, because it appears from the evidence that the plaintiff was referred to this party by the station agent, and because it further appeared from the evidence that this party was openly engaged in the discharge of the carrier's duties at the time he made such statements, by reason of which they were admissible as res gestæ. (See Gulf, C. & S. F. Ry. Co. v. Cunningham, 113 S. W., 774-5; Gulf, C. & S. F. Ry. Co. v. Batte, 94 S. W., 345; City of Austin v. Nuchols, 94 S. W., 336; St. Louis & S. F. Ry. Co. v. Watkins, 45 Texas Civ. App., 321.)

By their third assignment it is contended that the court erred in permitting the plaintiff to testify to the effect certain jerks of the train detailed by him would have upon the cattle. This is overruled, because it appeared that this witness had had eighteen years of experience in the shipment of cattle, had frequently accompanied shipments of cattle, and had seen and noticed the effect that similar jerks would have upon cattle during shipment. Besides this, said witness at another time, repeated the substance of this testimony without objection on the part of appellants, whereby they were estopped from asserting error in the first instance, if any could be predicated thereon.

By their fifth assignment appellants urge that the court erred in permitting the plaintiff to testify that the average speed for a train,

such as the one that carried his cattle, was eighteen miles per hour, the only ground of objection thereto being that said witness had not qualified to testify in response to the question eliciting said answer. The record shows that this witness had been shipping cattle for eighteen years, frequently accompanying the shipments, fifteen years of which time he had been shipping to St. Louis, the destination of this shipment. We think this evidence would qualify him to testify as to the subject inquired about. But by one of their propositions it is urged that this testimony was inadmissible, because it involved the witness's conclusion and opinion upon a matter of law as well as of fact, citing in support of this contention the case of Houston & T. C. Ry. Co. v. Roberts, 109 S. W., 982. But the record discloses that this last objection was not made to this testimony in the court below, and appellee insists, and we think with reason, that on appeal appellants can not urge any other objection than the ones presented in the court below. See Wheeler v. Tyler S. W. Ry. Co., 91 Texas, 359; Everett v. Kemp, 80 S. W., 534; Stith v. Moore, 42 Texas Civ. App., 525. If, however, there was any error in this ruling prejudicial to appellants (which we do not concede) the same was cured by reason of the fact that the plaintiff was thereafter permitted, without objection, to testify to the same fact. In addition to this, a number of appellants' conductors and trainmen testified that the reasonable and fair average speed for trains, such as transported the cattle in question, was twenty miles per hour, including stops; and appellants' time-table which was introduced in evidence was to the same effect. They therefore are not entitled to complain. (St. Louis, I. M. & S. Ry. Co. v. Boshear, 102 Texas, 76.)

The sixth assignment, in effect, raises the same question as that presented by the fifth, and for the reasons there stated it is also overruled.

The court did not err in permitting the witness Woodson, over appellants' objection, to testify as to the market price of such cattle as were embraced in plaintiff's shipment on March 21, 1907, at the Stockyards in East St. Louis, because it appears from the explanation to the bill of exceptions taken to said testimony that said witness had been acting as salesman at said yards where these cattle were sold for the past ten years, and was acting in such capacity at the time inquired about. It is therefore shown that he was an expert, and was competent to testify in response to the question as to their value. Apart from this, the witness Gregg, without objection, testified substantially to the same effect as did the witness Woodson, whereby the error, if any, was waived.

We do not think there was any error in permitting the witness Anderson, over appellants' objection, to testify relative to the effect that the delay in the shipment of cattle would have on their salable appearance because it was shown by his evidence that he had been in the cattle business, which business included buying, selling and shipping cattle, for about six years, had had experience in shipping to St. Louis, and was acquainted with shipments made by others, and knew what effect a delay of twenty-four hours would have upon the appearance of cattle, from which experience he was qualified to state

how much less per hundred weight the cattle would be worth by reason thereof.

We do not believe there is any merit in appellants' objection to the charge of the court defining reasonable diligence, ordinary care and negligence, as complained of in their ninth assignment. We think the charge in this respect was in substantial accord with the decisions of the courts upon the subject. See Railway Co. v. Daniels, 20 S. W., 955; Weatherford, M. W. & N. W. Ry. Co. v. Duncan, 10 Texas Civ. App., 479.

By their tenth assignment appellants insist that the court erred in refusing to give their special charge No., 2 which reads as follows: "You are charged that if you believe from the evidence that the delay at Ft. Worth of the cattle in question, if you believe from the evidence there was such delay, was the usual and ordinary delay of such trains as the one in question when those in charge of same use ordinary care to operate the same in a careful and prudent manner, you will find for defendant." Also by their eleventh assignment it is insisted that the court erred_in refusing to give another special charge requested by appellants, which is as follows: "You are charged, if you believe from the evidence that the jerk or jars to which such train was subject, if you believe from the evidence that it was subject to such jars and jams and jerks, then if you further believe from the evidence that such jams, jerks and jars were incident to the operation of trains such as the one in question when managed and operated in a prudent and careful manner, you will find for defendant."

The defense suggested by these charges was fully submitted to the jury in the court's main charge and also by special charges Nos. 5 and 7, given at defendants' request. In the main charge the court said: "But if you believe from the evidence that defendants exercised reasonable diligence to transport said cattle from Smithville, Texas, to St. Louis in a reasonable time, and exercised ordinary care to safely handle said cattle during such transportation, you will find your verdict for defendants." Appellants' special charge No. 5, which was given, reads as follows: "You are charged that if you believe from the evidence that the stops or delays of the train in question, if you believe from the evidence it was subject to stops or delays, and that such stops or delays were usual and incident, when reasonable diligence and care had been used by defendants or those in charge of train to operate it in a reasonably prudent and careful manner, and reasonable diligence had been used to transport it in a reasonable time between Smithville and East St. Louis, you will find for defendants, unless you find for plaintiff under some other allegation of negligence as set forth in plaintiff's petition."

Special charge No. 7, which was given to the jury at the request of defendants, reads as follows: "You are charged that if you believe from the evidence that the jerks and jams and switching of the train in question, if you believe from the evidence it was jerked, jammed and switched, was the ordinary and usual result of the operation of said train operated in a reasonably careful and prudent manner, and not because of any negligence of defendant companies or their employes, you are charged to find for defendants, unless you believe from

the evidence plaintiff is entitled to recover under some other allegations of negligence set forth in plaintiff's petition."

It therefore appearing that these defenses were submitted to the jury and fully covered by the charges given, it was not error to refuse those requested. Besides, each of these special charges which were refused was otherwise objectionable, in that they singled out one separate issue and asked a finding in appellants' favor thereon, whereas plaintiff's cause of action was based upon other allegations and evidence of negligence than the one embraced in said special charges (Missouri, K. & T. Ry. Co. v. House, 51 Texas Civ. App., 603), for which reasons both of said assignments are overruled.

There was no error, as complained of in appellants' twelfth assignment, in refusing to give their special charge instructing the jury to subtract the damages suffered by plaintiff's cattle while on the St. Louis Terminal railroad from that which occurred on the lines of defendant companies, and render their verdict for the difference, because there was no evidence in the record requiring the submission of this issue, no damages having been shown to have occurred to said shipment upon said St. Louis Terminal Railroad.

Finding no reversible error in the record, the judgment of the court below is in all things affirmed.

*Affirmed.*