### E. E. UNDERWOOD ET AL. V. J. B. JONES ET AL.

#### No. 1056.   Decided December 9, 1901.

1.—Practice on Appeal—Rendering Judgment—Presumption.

Circumstances supporting a presumption must be strong and convincing, to authorize an appellate court to treat it as a presumption of law and render judgment thereon, after reversing for error in a contrary finding below.   (P. 124.)

2.—Same.

See facts under which the appellate court 'could not, as matter of law, presume that a partner assented to a sale of partnership property by the other partner, or received part of the proceeds, or other property, for his interest therein.   (Pp. 122-125.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

Underwood and others sued Jones and others for the recovery of a half interest in land, and obtained judgment which was reversed and rendered for defendants on their appeal.   Appellees, plaintiffs below, then obtained writ of error.

*Geo. A. Titterington,* for plaintiffs in error.—The existence of a power under which an ancient instrument may have been made is never presumed, unless he who executes said instrument is in some way shown to have assumed to act under the power.   Under ancient instruments the law does not presume both the existence of the power and that the grantor assumes to act under such power.   Even if the power is shown to exist, "it must appear from the instrument or from the attending circumstances that the donee or trustee did in fact act under and by virtue of the power."   Hill v. Conrad, 91 Texas, 345; Frost v. Wolf, 77 Texas, 461; Mitchell v. McLaren, 51 S. W. Rep., 270; Huffman v. Cartwright, 44 Texas, 300; Pars. on Part., sec. 277.

A parol partition is never presumed unless facts are first established by proof tending to show that partition was made.

The burden is on appellants to show a partition.   How do they show it?   In the absence of any evidence, they simply ask the court to presume it.

After location of certificate on land, a sale of the certificate or the land vests legal title in the grantee, and plea of stale demand does not apply.   Adams v. House, 61 Texas, 641; Daniel v. Bridges, 73 Texas, 152; Abernathy v. Stone, 81 Texas, 434; Lindsay v. Freeman, 83 Texas, 267.

When the object of a partnership is accomplished the partnership ceases by its own terms.   Pars. on Part., sec. 283.

*Finley, Etheridge & Knight,* for defendants in error.—Under the admitted facts in evidence the law presumes the consent of Norman Under-

wood to the conveyance by T. C. Hawpe to Jefferson Weatherford of the land in controversy. Frost v. Wolf, 77 Texas, 458; Veramendi v. Hutchins, 48 Texas, 551; Daley v. Starr, 26 Texas, 562; Manchaca v. Field, 62 Texas, 137; Hill v. Conrad, 91 Texas, 341.

Under the undisputed facts established by the evidence the law presumes a grant to T. C. Hawpe by Norman Underwood of whatever interest he may have had in said land. Same authorities.

Under the admitted facts in evidence the law presumes a parol partition between T. C. Hawpe and Norman Underwood of the lands mentioned in the agreement between them of date July 31, 1854, and that the conveyance from Hawpe to Weatherford of title to the land in controversy was with the consent of said Underwood. Same authorities.

The admitted facts in evidence show that if appellees' ancestor, Norman Underwood, ever had any legal title to the land in controversy, it was an interest he held in copartnership with one T. C. Hawpe under whom appellants claim, and said land belonging to said partnership, was a mere asset of the firm, or personalty, and either partner had the right to convey the title thereto. Murrill v. Mandelbaum, 85 Texas, 52; Spencer v. Jones, 92 Texas, 518; Frost v. Wolf, 77 Texas, 458; Hough v. Hill, 47 Texas, 153; Link v. Page, 72 Texas, 592.

T. C. Hawpe and Norman Underwood owning in copartnership the land in controversy, and a verbal conveyance of real estate by one partner to another being in law and equity valid and binding, under the admitted facts in evidence the presumption of a parol conveyance from Underwood to Hawpe of the former's interest in said land is irresistible, and the court erred in not so holding. The same is true even had Hawpe and Underwood been tenants in common merely. Same authorities.

Under the admitted facts in evidence the failure of appellees' ancestor during his long life to assert any claim to said land, and the long delay on the part of his heirs after his death to take any steps looking to its recovery, can not be explained on any other reasonable hypothesis than a knowledge on the part of appellees and their said ancestor that they had no just claim to or interest in said land. If appellees ever had any title to said land it was equitable.

If appellees or their ancestor, Norman Underwood, ever had any title to or interest in said land it was equitable merely, and under the admitted facts in evidence the doctrine of stale demand is a complete bar to their recovery. Hines v. Thorn, 57 Texas, 104; Frost v. Wolf, 77 Texas, 458; Glasscock v. Nelson, 26 Texas, 154.

BROWN, ASSOCIATE JUSTICE.—"The certificate by which the land in controversy was patented was issued to Abraham Bledsoe, who transferred the same to T. C. Hawpe on March 2, 1854. The land was located and surveyed and the field notes returned and recorded on March 6, 1854. T. C. Hawpe and Norman Underwood entered into a written agreement on July 31, 1854, which agreement reads as follows: ·

" 'State of Texas, County of Dallas.—Know all men by these presents ::

That whereas, the undersigned, T. C. Hawpe and Norman Underwood, have located certain lands in copartnership, and whereas, said lands are not yet in condition to admit of division between the aforesaid parties in interest;

" 'Now, therefore, in order that there may be no misunderstanding hereafter in regard to said land, it is agreed mutually by and between the said Hawpe and Underwood to hold equal and enjoy the right and title jointly to the within named tracts of land and certificates hereinafter described.' "

Among other tracts of land, the contract described the land in controversy. The agreement recites that each party had paid one-half of the cost of the certificate and of locating and surveying it, and each agreed to pay the one-half of the expenses which might accrue in securing a patent upon the land. The contract provided that if either party desired a partition of the lands, he should give notice to the other party and that they should select persons to make the partition; and in case either party should die, his legal representatives should take his place in the partnership and rights to the property. This contract was properly acknowledged and duly recorded in Dallas County, August 31, 1854. On April 22, 1857, the patent to the land was issued in the name of T. C. Hawpe as assignee of Bledsoe, and on the 20th day of January, 1858, T. C. Hawpe, by deed duly recorded on that date, conveyed the land by general warranty deed in his own name to Jefferson Weatherford for a recited consideration of $300, acknowledged to be paid in hand at the time. No mention was made of Underwood's right in the land. Defendants in error have the title under Weatherford, and they and those under whom they claim have, since the date of the said deed, exercised ownership over the land and paid taxes on it, but no actual possession was ever taken by either party. No objection to the title of Weatherford nor claim to an interest in the land was ever made by Underwood, his wife or heirs until about the time this suit was brought. Underwood lived from 1855 to January, 1892, in Parker County, where he died on the latter date. His wife has resided in that county ever since. The plaintiffs in error are the wife and heirs of Underwood and first learned of their interest in the land January 1, 1899.

Plaintiffs in error instituted this suit in the District Court of Dallas County on January 1, 1899, against the defendants in error, to recover of them the one-half of the land under the contract of partnership. The case was tried before the judge without a jury and judgment given in favor of the plaintiffs for the one-half of the land, from which an appeal was prosecuted by the defendants in error to the Court of Civil Appeals, which reversed the judgment of the District Court and rendered judgment that the plaintiffs in error take nothing by their suit and that the defendants in error go hence without day and recover costs. The Court of Civil Appeals based its judgment upon this finding of fact: "Under these circumstances, we think it

will be presumed that Underwood consented to the sale to Weatherford and that he received his portion of the purchase money, or that in the partition of the other tracts he was compensated for his interest in the land in controversy."

The judgment of the District Court is inconsistent with the existence of either of the facts found by the Court of Civil Appeals, and we must conclude that the trial judge did not arrive at the same conclusion from the evidence as that expressed by the Court of Civil Appeals in the quotation above made. The Court of Civil Appeals had authority to find the facts differently from the finding of the trial court and to reverse the judgment of that court because it was contrary to the evidence. But the question presented to us is, had the Court of Civil Appeals authority to render judgment in this case upon the evidence in the record?

Article 1027 of the Revised Statutes prescribes the rule for the government of the Court of Civil Appeals in such state of case in the following terms: "When the judgment or decree of the court below shall be reversed, the court shall proceed to render such judgment or decree as the court below should have rendered, except when it is necessary that some matter of fact be ascertained or the damage to be assessed or the matter to be decreed is uncertain, in either of which cases the cause shall be remanded for a new trial in the court below." Commenting upon this statute, in the case of Railway v. Strycharski, 92 Texas, 1, this court used the following language: "Whenever there is any material fact necessary to support the case of the party in whose favor the court proposes to render judgment, which is disputed in the evidence, or which is not established by agreement or by undisputed evidence conclusive in its nature, then, within the meaning of the law, it is necessary that a matter of fact shall be ascertained, and the case belongs to the class which the statute commands the court to remand upon reversal of the judgment of the lower court." In Stevens v. Masterson, 90 Texas, 425, the same proposition is asserted in these words: "The Court of Civil Appeals is not authorized to render judgment in a case in which it has reversed the judgment of the District Court, unless, as a matter of law upon the evidence contained in the record, the one party or the other is entitled to judgment." It is not within our jurisdiction to determine whether the Court of Civil Appeals or the District Court drew the right conclusion from the evidence, but it devolves upon this court to say whether, as a matter of law, the testimony in the record makes such a case as entitled the defendants in error to the judgment rendered. We would not be understood as holding that evidence might not be so cogent that the existence of the main fact would be presumed as a matter of law and enforced as if proved by direct evidence. But the circumstances must be strong and convincing to authorize a court to say as a matter of law that the fact in issue must be presumed. The existence of the facts found was a question to be determined from the evidence and not a conclusion.

of law to be drawn from it. Searcy v. Grant, 90 Texas, 102. The judgment can be sustained only upon the theory that there was no issue to be submitted.

The evidence in this case is undisputed, but it does not follow that the conclusion necessarily arises that Underwood either consented to the sale made by Hawpe to Weatherford and received his portion of the proceeds or that Underwood was compensated for this in the division of other lands, and without the existence of one of these facts, either proved or presumed to exist, this judgment can not be sustained. We express no opinion as to the weight of the testimony, but simply hold that in our judgment the evidence is not so conclusive as to entitle the defendants in error, as a matter of law, to the judgment which the Court of Civil Appeals entered in their favor. It is therefore ordered that in so far as the judgment of the Court of Civil Appeals renders the judgment in this case, it be reversed, and that this cause be remanded to the District Court for further trial.

*Reversed and remanded.*