Mrs. Delha Eastham et al. v. Beverly Hunter et al.

No. 1403. Decided April 10, 1905.

**1.—Practice on Appeal—Rendering Judgment.**

Upon reversing the judgment of the trial court, the Court of Civil Appeals can render judgment only in case the evidence is so conclusive that no issue thereon should be submitted to the jury, but a certain verdict should be directed. (P. 563.)

**2.—Same—Innocent Purchaser.**

Evidence to show knowledge by a purchaser that his vendor's title was invalid (because the recited cash consideration in the latter's deed from the agent of the previous owners was, in fact, the discharge of a debt owed by such agent) held not sufficiently conclusive to justify the appellate court, on reversing a judgment in favor of such purchaser, to render it against him, as having bought with notice of the facts invalidating his title. (Pp. 562-565.)

**3.—Innocent Purchaser—Presumptions.**

The effect of payment of full value by a purchaser of land, of the lapse of time without adverse claim by the vendors, and the death of parties to whom the facts were known, considered in their bearing on the inference of lack of knowledge by the purchaser of facts, not apparent on the record, avoiding the title of his vendor. (P. 564.)

Error to the Court of Civil Appeals for the First District, in an appeal from Walker County.

Hunter and others sued Eastham and others for the recovery of land. Defendants had judgment and plaintiffs appealed. The judgment was reversed and rendered in favor of appellants, and appellees, defendants below, obtained writ of error. A previous recovery by defendants was reversed by the Supreme Court. Hunter v. Eastham, 95 Texas, 648.

*Dean, Humphrey. & Powell,* for plaintiffs in error.—The court erred in attempting to determine the material issues of fact upon which a trial by jury was invoked, because the evidence, both on the question of notice to Byrd Eastham of the alleged vice in the consideration of the deed from Robert Hunter to Pace, and upon the question whether the consideration of said deed was in fact such as Robert Hunter was authorized to receive in payment for his constituents' land, was not of such a character as to leave no ground for difference of opinion among ordinary minds as to the facts established thereby; further, the question as to the sufficiency of the evidence to show an illegal consideration in said deed and notice thereof to B. Eastham at the time of his purchase of the land in controversy from Pace was nowhere raised by appellant in appropriate assignments of error. Searcy v. Grant, 90 Texas, 102; Underwood v. Jones, 95 Texas, 121; Houston & T. C. Ry. Co. v. Strycharski, 92 Texas, 1.

The court erred in holding as follows: "The appellees not only failed to show that Eastham was an innocent purchaser, but we think the undisputed evidence shows that he bought with the full knowledge of the facts which rendered the deed from Robert Hunter to Pace of no effect, and therefore he acquired no right in the land," because the positive testimony of Pace is that "at the time Mr. Eastham bought the land from me, he did not know and did not have any knowledge other than that I had paid to Robert Hunter the full consideration named in the deed from Robert Hunter to me, but had every reason to know that I had paid every cent called for in said deed. If any part of the consideration named in the deed from Robert Hunter to me went to pay Robert Hunter's debt, Mr. Eastham did not know it." These statements from the deposition of the witness Pace are assuredly of such a character that the court is not warranted in saying that reasonable minds must from all the evidence reach the conclusion that Eastham did have notice of the facts which rendered the deed from Robert Hunter to Pace ineffective to pass title.

*McKinney & Hill,* for defendants in error.—In its opinion on the former appeal (95 Texas, 648) in this case this court held, that, in order for Eastham to recover, the burden was upon the defendants to show that Eastham was an innocent purchaser. Have they discharged that burden

98 Sup.—36

by the proof adduced in this case? They attempted to do so by Pace's evidence. He says: "At the time Mr. Eastham bought the land from me, he did not have any other knowledge than that I paid Robert Hunter the full consideration named in the deed from Hunter to me, but had reason to know that I paid every cent called for in said deed. If any part of the consideration named in the deed from Robert Hunter to me went to pay Robert Hunter's debt, Mr. Eastham did not know it." Now we insist that if this statement was all that Pace had said on the matter and it was uncontradicted, yet it would not be sufficient to discharge the burden of the defendants to show that Eastham was an innocent purchaser, because it is not competent for Pace to say whether Eastham knew of the transaction with Robert Hunter or not. What Eastham knew or did not know is not such a fact as could come within the personal knowledge of any witness. In addition to this Pace does not say that Eastham did not know that this land was conveyed in settlement of a debt that he claimed against Beverly Hunter. As a matter of law, the only effect that this statement is entitled to be given is that, so far as Pace knew, Eastham knew nothing of the transaction. Some time elapsed from the date of the deed by Robert Hunter to Pace before Pace sold to Eastham, and in the very nature of things it was utterly impossible for Pace to know whether Eastham knew of this transaction or not. Recognizing the force of this suggestion, Pace not only does not say, when the matter is called to his attention by a direct question, that Eastham had no knowledge of the transaction, but on the contrary says, "At the time I traded with Robert Hunter, I knew Eastham knew nothing about it, but when I traded with Eastham, I then explained to him the whole transaction." There is no uncertainty as to what the witness says and no doubt as to his meaning, and taking his evidence as a whole, as a matter both of fact and law, the defendants have failed to show that Eastham was an innocent purchaser.

BROWN, Associate Justice.—Beverly Hunter and Caroline Hunter, husband and wife, owned and occupied as their homestead the land in controversy. In 1879 they executed a power of attorney to Robert Hunter, their son, authorizing him to sell the land. On January 5, 1880, Robert Hunter, acting under the power of attorney, sold the land to W. R. Pace and made him a deed reciting a cash payment of $112.50, and on December 1, 1880, Pace sold the land to B. Eastham and executed to him a deed in which it was recited that the consideration of $145.25 was paid. Beverly Hunter and Caroline Hunter removed to Kansas before the sale of the land by Robert Hunter and both died before the institution of this suit; plaintiffs are their heirs. Eastham died in 1883, and defendants are his widow and son and Dunn, who claimed under them. The Court of Civil Appeals found that Pace did not pay the $112.50 to Robert Hunter nor to Beverly nor Caroline Hunter, but that the consideration expressed in the deed was paid by a debt due from Beverly and

Robert Hunter, or by a debt of Robert Hunter alone, to Wm. R. Pace. At the time of the transaction Eastham paid to Pace $145.25, the consideration expressed in the deed from the latter to him.

Upon the issue of notice to Eastham of the consideration paid by Pace for the land, the latter testified as follows: "At the time Eastham bought the land from me he did not know and did not have any knowledge than that I had paid to Robert Hunter the full consideration named in the deed from Robert Hunter to me, but had reason to know that I had paid every cent called for in the said deed. If any part of the consideration named in the deed from Robert Hunter to me went to pay Robert Hunter's debt, Mr. Eastham did not know it." On cross-examination Pace testified upon the same subject as follows: "Eastham did not know anything about the transaction until after it was completed, and at the time of my transaction with him we discussed the matter fully." And again on cross-examination, he testified: "At the time I traded with Robert Hunter I knew that Eastham knew nothing about it, but when I traded with Eastham I then explained to him the whole transaction."

Judgment was rendered in the trial court in favor of Mrs. Eastham and her children, which was reversed by the Court of Civil Appeals and judgment rendered in favor of the plaintiffs for the land.

Upon reversing the judgment of the trial court, the Court of Civil Appeals could render judgment only in case the evidence is so conclusive that there was no issue as to notice which should have been submitted to a jury; that is, if the trial court should have instructed a verdict, then the Court of Civil Appeals correctly rendered judgment, otherwise it had no authority to do so. Houston & T. C. Ry. Co. v. Strycharski, 92 Texas, 1; Stevens v. Masterson's Heirs, 90 Texas, 425; Underwood v. Jones, 95 Texas, 121.

For the purposes of this investigation we will assume that the Court of Civil Appeals correctly held that the consideration of the deed from Robert Hunter to Pace was the discharge of a pre-existing debt, and we will inquire, does the evidence establish that Eastham had notice of the manner in which Pace paid for the land with such conclusiveness as to justify the judgment of the Court of Civil Appeals?

The evidence is undisputed that Eastham paid to Pace a valuable consideration for the land, being its full value, and that at the time Robert Hunter was in possession of the land; he was there when he made the deed and continued to occupy it for two years, which, being consistent with his deed to Pace, was not notice. The transaction occurred more than twenty years prior to the institution of this suit, during which time Eastham and his heirs paid taxes upon the land, but there was no claim made at any time against the right of Eastham by the defendants in error or their ancestors. Robert Hunter testified that about fourteen years before the trial he and a brother called on Mr. Jones to redeem the land, but it does not appear that Jones had any connection with East-

ham.   Eastham had been dead more than twenty years before the trial. Under such a state of facts the jury might presume that Eastham bought the land in good faith for a valuable consideration and without notice of the defects in the title.   Dean v. Gibson, 9 Texas Ct. Rep., 584 (in which a writ of error was refused by this court) ; Rogers v. Pettus, 80 Texas, 428.

Pace, the only person living who could testify to the transaction between himself and Eastham, testified both on direct and cross-examination, in substance, that Eastham did not know that he, Pace, had paid for the land in a pre-existing debt.   In answer to cross interrogatories, Pace said that when he sold to Eastham he explained the matter to him.   The honorable Court of Civil Appeals holds that this proof shows conclusively that Eastham had notice that the consideration paid by Pace was a debt due from one or both of the Hunters.   In Rogers v. Pettus, cited above, Judge Stayton said:   "It would seem that, in cases in which parties to transactions have died, and no direct proof can be made that the subsequent purchaser had or had not notice of a prior conveyance, upon proof being made that the subsequent purchaser paid a valuable consideration the presumption might be indulged that he bought without notice of the prior conveyance; for it is not consistent with the ordinary conduct of men, who must be supposed to act with reference to their own interest, that a valuable consideration-should be paid for that which the purchaser knows does not belong to the seller."

Judge Stayton treated the question in a practical way, looking at it as men would in the ordinary course of business, and it seems to us that the reason assigned by Judge Stayton applies with great force to this case. Would a man in the ordinary transaction of business pay a valuable consideration, the full value of property, when he was told at the time by the vendor that certain facts existed which would make his title worthless ?   We think that such a conclusion does not necessarily follow from the uncertain and contradictory evidence upon which the judgment in this case rests.   The Court of Civil Appeals reasons that as they have found that Pace paid for the land by discharging a debt of his vendor, therefore, when he explained the matter fully to Eastham, he told him those facts; but, at the time Pace makes this statesement, he likewise says most emphatically that Eastham did not have notice of the very fact which the court assumes that he told Eastham when he sold him the land.   We think that there was ample room for a jury to conclude from the evidence that the explanation which Pace made to Eastham did not consist of a statement of the facts which would have defeated the title.

If Pace's testimony be left out entirely except as to the payment of the consideration, the evidence would be sufficient upon which a jury might find that Eastham had no notice at the time that he purchased the land.

If it be granted that Pace testified he told Eastham that he paid for the land in a debt, that would not conclusively establish the fact; for

the plaintiffs in error having introduced sufficient evidence to support a verdict in their favor, were entitled to have the issue submitted, no matter how strong the contradictory evidence might be. In determining this question we must consider the evidence in its most favorable aspect for the plaintiffs in error, disregarding conflicts and contradictions; they raised the issue of credibility, which was a question for the jury. Choate v. Railway Co., 90 Texas, 86.

Counsel for defendants in error contend that Pace could not testify as to what Eastham knew. That evidence, stated on direct examination, was called out by defendants in error on cross-examination, and they can not object to it. However, if it be disregarded, the result would be the same as we have seen.

The judgment of the Court of Civil Appeals in so far as it renders judgment for the defendants in error is reversed and the cause is remanded.

*Reversed and remanded.*