MRS. M. W. CATHEY v. MISSOURI, KANSAS & TEXAS RAILWAY COMPANY OF TEXAS.

No. 2114. Decided January 18, 1911.

**1.—Evidence—Record of Train Movements.**

As evidence of the time when trains arrived at and departed from the railway yards at a station on the day fire was alleged to have been communicated from an engine to plaintiff's property, it was error to permit a witness to read from

the register kept by him of such arrival and departure, when the entries were made, not from his personal knowledge, but from memoranda made by other employees charged with observing and reporting the facts, and who were not called as witnesses.    (Pp. 40, 41.)

### 2.—Evidence—Waiver of Objection—Repeating on Cross-Examination.

A litigant has the right to cross-examine an opposing witness as to his testimony admitted over objection, without waiving same, though it results in his repeating the evidence objected to on such cross-examination.    (Pp. 41, 42.)

### 3.—Same—Cases Discussed.

Sullivan v. Fant, 110 S. W., 507; Missouri, K. & T. Ry. Co. v. Pettit, 117 S. W., 894, and other cases on waiver of objections to testimony, disapproved. Eastham v. Hunter, 98 Texas, 560, distinguished.    (Pp. 41, 42.)

Error to the Court of Civil Appeals, Fifth District, in an appeal from Dallas County.

Mrs. Cathey sued the railway company.  Defendant had judgment and she appealed and obtained writ of error on its affirmance.

*Carden, Starling, Carden & Hemphill,* for plaintiff in error.—The evidence was inadmissible.    Cole v. Dial, 8 Texas, 347; Townsend v. Coleman, 18 Texas, 418; 20 Texas, 820.

*Thomas & Rhea,* for defendant in error.—The evidence was properly admitted.  Book into which is copied the stubs of a weigher's certificate: Mo. Pac. Ry. Co. v. Johnson, 7 S. W., 838.  Book into which are copied slips containing weights of cattle: Railway Co. v. Williams, 38 Texas Civ. App., 405; Railway Co. v. Starz, 94 S. W. Rep., 207, 42 Texas Civ. App., 85.  Day book into which is copied entries from clerks' sale books: Rogers v. O'Barr, 81 S. W. Rep., 750.  For authorities on this proposition, see: 9 American & English Enc. of Law, 918, 925; Post v. Burton, 52 L. R. A., note (b), page 577.

Plaintiff in error, having proved by the witness, Tatum, the same identical matter complained of in the first and second assignments of error, can not now complain of the admissibility of the evidence. Donovan v. Railway Co., 158 Mass., 450; Firemen's Assn. v. Seaboard Air Line Co., 138 N. C., 42; Louisville & N. Ry. Co. v. Daniel (Ky.), 91 S. W., 691; Big River Lead Co. v. St. Louis, I. M. & S. Ry. Co., 101 S. W., 636; Railway Co. v. Musette, 24 S. W., 520.

MR. JUSTICE RAMSEY delivered the opinion of the court.

This suit was instituted in the District Court of Dallas County by. Mrs. Cathey against the Missouri, Kansas & Texas Railway Company of Texas, for the sum of Thirty-six Hundred and Five Dollars for the destruction of certain property belonging to her, by fire due to and occasioned by the negligence of certain employees of said company. On trial a verdict and judgment was rendered for the company.  On appeal to the Court of Civil Appeals for the Fifth Supreme Judicial District the judgment of the court below was reversed.  On rehearing this reversal was set aside and a judgment rendered affirming the judgment of the trial court.

1.  In the opinion of the Court of Civil Appeals it was correctly

held that there was error in permitting the witness Tateman to use the register purporting to show the time that passenger trains passed the yards of the company at the place where the fire occurred on the date of such fire, and to read and state to the jury the time when the company's trains passed said yards, it appearing that while the witness had made such entries in said register on the date of the arrival and departure of such trains, that such entries were made from slips or. cards prepared and furnished him by employees operating same, which cards were then in his possession and not produced. In this connection it should also be stated that these agents were not shown to have left the employment of the company, nor was there any showing made that their testimony could not have been produced. It was not contended that Tateman had any knowledge of the times of the arrival and departure of trains except such as came to him from the original data, not produced, from which he states, and we assume states truly, he made up the register from which he testified. The time of the arrival of trains in Greenville where the fire occurred was a matter of first importance. The testimony of Tateman touching these matters was therefore undoubtedly material. That it was, under the circumstances, inadmissible can not, we think, under the authorities, or on reason, be doubted. Missouri Pac. Ry. Co. v. Johnson, 7 S. W., 838; Texas & P. Ry. Co. v. Leggett, 86 S. W., 1066; Western U. Tel. Co. v. Christenson, 78 S. W., 746; St. Louis S. W. Co. v. McLeod, 115 S. W., 85.

The treatment of this question by the Court of Civil Appeals in the original opinion filed in the case is so thorough and satisfactory that we do not need to say more on this point.

2. On motion for rehearing the Court of Civil Appeals set aside its judgment on original hearing, and while adhering to its opinion that the testimony considered was inadmissible, ruled that since, on cross-examination, plaintiff in error caused the witness Tateman to repeat and reread the testimony theretofore objected to by her, that this constituted a waiver of her objection to same and precluded her from complaining of the admission of the incompetent evidence. In support of this view the court cites the following authorities: Eastham v. Hunter, 98 Texas, 560, 86 S. W., 323; Gammell-Stateman Pub. Co. v. Monfort, 81 S. W., 1029; Sullivan v. Fant, 110 S. W., 507; Birkman v. Fearrenthold, 114 S. W., 428; Texas & N. O. Ry. Co. v. Broom, 114 S. W., 655; Missouri, K. & T. Ry. Co. v. Pettit, 117 S. W., 894; Kingsley v. Schneider, 60 S. W., 331; McDonald v. McCrabb, 105 S. W., 258. That some of these authorities do sustain this position, notably Sullivan v. Fant and Railway v. Pettit, supra, does not admit of question. That the position is, however, unsound, to our minds, seems to be beyond dispute. Nor when read in the light of the facts and issues then before this court is this position sustained by the case of Eastham v. Hunter, 98 Texas, 560, 86 S. W., 323. A careful reading of the case, as contained in the official reports, and an inspection of the original record will demonstrate that the court was not then considering the admissibility of the testimony there discussed, but the language there used was with reference to its effect and probative force. In that case Hunter and others had sued Eastham

and others for certain lands. An important issue in the case was: Was B. Eastham, then deceased, an innocent purchaser? To prove that B. Eastham did not have knowledge of such facts or any fact which would defeat his title, and the title of those claiming under him, as an innocent purchaser, the Easthams introduced one Pace who testified that "at the time Eastham bought the land from me he did not know and did not have any knowledge than that I had paid to Robert Hunter the full consideration named in the deed from Robert Hunter to me, but had reason to know that I had paid every cent called for in the said deed. If any part of the consideration named in the deed from Robert Hunter to me, went to pay Robert Hunter's debt Mr. Eastham did not know it." On cross-examination Pace testified on the same subject as follows: "Eastham did not know anything about the transaction until after it was completed and at the time of my transaction with him we discussed the matter fully. At the time I traded with Robert Hunter, I knew that Eastham knew nothing about it, but when I traded with Eastham I then explained to him the whole transaction." On the evidence adduced on the trial, the Court of Civil Appeals held in effect that, under the undisputed facts, Eastham was not an innocent purchaser, and that there was no evidence or not sufficient evidence on this question to form an issue for submission to the jury. This was the question and the sole question which Judge Brown was discussing in that portion of the opinion which is relied on to sustain the final conclusion of the Court of Civil Appeals. When the opinion is fead in the light of the facts, and with reference to the question before the court that it does not sustain and support the conclusion which seems to have been understood by some of the courts is manifest.

It would indeed be a strange doctrine and a rule utterly destructive of the right and all the benefits of cross-examination to hold a litigant to have waived his objection to improper testimony because by further inquiry he sought on cross-examination to break the force or demonstrate the untruthfulness of the evidence given in chief, in the event, as would most usually occur, that the witness should on cross-examination repeat or restate some or all of his evidence given on his direct examination. In this case it was a matter of prime importance to the plaintiff in error to test the accuracy of Tateman's evidence, to show the inaccuracy of his means of information and if it could be done to place before the jury the fact or any evidences of his unworthiness. In view of the fact that his testimony related to the movement of many trains, identified largely by names, it was practically impossible to conduct any intelligent or effective cross-examination without, as a basis of such inquiry, causing the witness to repeat, at least substantially, the testimony theretofore given by him. Believing and holding that the Court of Civil Appeals erred in its judgment and opinion that the plaintiff in error had waived her objection to the incompetent evidence referred to above, its judgment is hereby reversed and the cause will be remanded for further proceedings in accordance with law.

*Reversed and remanded.*