## TEXAS GLASS & PAINT CO. v. REESE.*
### (No. 967.)

(Court of Civil Appeals of Texas. Amarillo. April 26, 1916. On Motion for Rehearing, June 7, 1916.)

1. MASTER AND SERVANT &⚡;297(1)—INJURY— NEGLIGENCE—PLACE TO WORK—FINDINGS.

Findings on special issues in an action for injuries to plaintiff, a night watchman, thrown down an elevator shaft, through striking his head on a plank of a scaffolding projecting into a doorway, through which his duties required him to pass, that the plank caused the accident, and that defendant proprietor by the exercise of ordinary care should have known of its existence, sufficiently finds that defendant was negligent in its duty of providing plaintiff a reasonably safe place to perform his services.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 1195; Dec. Dig. &⚡;297(1).]

&⚡;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

187 S.W.—46    *Application for writ of error pending in Supreme Court.

**2. EVIDENCE ⪾314(1) — HEARSAY — WATCHMAN'S RECORD.**

A watchman's record made by his punching or pulling boxes resulting in marks on a tape, in a central office, against which an operator puts down the time they came in, is not admissible on the question of such time, without testimony of the operator as to the accuracy of time put down by him, being hearsay.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. § 1168; Dec. Dig. ⪾314(1).]

On Rehearing.

**3. MASTER AND SERVANT ⪾217(1)—ASSUMPTION OF RISK—MASTER'S NEGLIGENCE.**

An employé does not assume the negligence of the master unless he knows or should have known thereof.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. § 574; Dec. Dig. ⪾217(1).]

**4. MASTER AND SERVANT ⪾280 — ASSUMPTION OF RISK—KNOWLEDGE—EVIDENCE.**

That a night watchman, before hitting his head on a plank negligently left projecting into a doorway, passed through several times in safety, is not conclusive that he knew or ought to have known of it relative to assumption of risk.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 981–986; Dec. Dig. ⪾280.]

Appeal from District Court, Dallas County; W. F. Whitehurst, Judge.

Action by G. W. Reese against the Texas Glass & Paint Company. Judgment for plaintiff, and defendant appeals. Affirmed.

Crane & Crane, of Dallas, for appellant. Muse & Muse, of Dallas, for appellee.

HUFF, C. J. The appellee sued appellant company for damages for alleged personal injuries. It is alleged: That appellant, for the purpose of installing a passenger elevator in its four-story building, had constructed a temporary stairway and in doing this work had negligently "left a plank or timber from the side of said walls across said doorway on said fourth floor at the stairway, at its opening into the elevator shaft on the fourth floor of said building, so that one undertaking to enter said stairway from the south side would strike their head on said plank or timber so negligently across a portion of said opening or doorway to the stairway aforesaid, endangering the life and safety of those using the stairway." That under a written contract between the Smith Detective Agency and appellant the agency was to furnish a guard for the premises on the inside during the nighttime. The duty of the watchman during the night was at stated hours to visit the basement and each of the several floors and register upon a punch clock on each floor, thereby verifying the performance of his duty, for which service the agency was paid a consideration by appellant; and that appellee was employed by the agency in such duty for the appellant under the contract. Negligence was also alleged in failing to furnish sufficient lights to the appellee, as it is alleged appellant was bound to do. The findings of the jury eliminated this ground of negligence upon which recovery was sought. That while in the discharge of his duty, as night watchman, after registering on the fourth floor and in leaving the doorway to the stairway on the side upon which the plank or timber extended across the door, and in ignorance of the same, appellee struck his head and face against the timber, which caused him to fall or be thrown from the fourth floor of the building, through the elevator shaft down to the basement, thereby inflicting injuries of which complaint is made. Appellant, by its answer, in some particulars, admitted the allegations of the appellee, and in others denied, pleading contributory negligence and assumed risk on the part of the appellee. The case was submitted, upon special issues, to a jury. The jury find that appellee's injuries were occasioned by his head coming in contact with the projecting timber over or across the stairway landing on the fourth floor of appellant's building, thereby causing him to fall through the elevator shaft from the fourth floor of the building to the basement; that he had no knowledge of the existence of the timber prior to striking his head against it; that he could not have known of the existence of such projecting timber by the exercise of ordinary care in the discharge of his duties as such night watchman; that appellant company, in the exercise of ordinary care, should have known of the existence of such projecting timber prior to the injury and that the injury was sustained by appellee while he was in the performance of his duties of night watchman, in the appellant's building; that appellee exercised ordinary care in such duties at the time of the accident. They also find it was necessary for the appellee to pass under the timber to go through the door in entering and in leaving the room on the fourth floor. They find the lantern used was such that an ordinary prudent watchman would use in his duties as such, that appellee was not guilty of contributory negligence, and that he sustained damages in the sum of $1,000.

We think the facts found by the jury are supported by the evidence; that these findings of fact may be legitimately inferred from the testimony of the witness. In making this finding, we do so without deeming it necessary to set out the evidence upon which it is based. We therefore overrule assignments 1 to 7, inclusive.

The eighth assignment is overruled for the reason that the findings of fact, in answer to issue No. 2, is to the effect that appellee had no knowledge of the timber across the door and could not have known of the same by the exercise of ordinary care. This issue included substantially the facts sought to be

passed upon by the requested charge, No. 2, of appellant.

Assignments 9 to 14, inclusive, are overruled, upon the ground stated in overruling 1 to 7.

[1] The jury having found that the timber caused the injury, and that appellee did not know and could not have known of the same by the use of ordinary care, and that appellant, by the exercise of ordinary care, should have known of its existence, sufficiently found that appellant was negligent in the performance of its duty towards appellee, who, in the discharge of his duty in appellant's service, owed to him the duty of providing him a reasonably safe place to perform that service. That the place was not a reasonably safe one is shown by the fact that in the door where appellee was required to enter and leave the room in the performance of his necessary work, a timber was placed so that it would strike his head, thereby rendering it probable that he would be precipitated into the well of the elevator. This scaffolding or platform, so erected by appellant, it must have known was dangerous, or by the use of ordinary care that it would be so to this night watchman.

[2] The fifteenth assignment of error asserts error in the action of the court in rejecting two slips of paper of the record of the detective agency of the morning of October 23, 1912, the date of the injury, which slips were the purported records of appellee's visits to the several floors of appellant's building on the night of October 22d and 23d. It appears the watchman punches or pulls the box every hour, and the record of the box pulled goes into the detective office on a wire, and the night manager in the office takes the number of the box and time on a record tape. In the morning, the agency would send one of them to appellant and it would keep the duplicate. The number is given by a ring in the office, and this number is designated by dots or a code. These rings do not give the hour. "The night manager looks at the time when the next one comes on the tape; he marks the time on it." The slips offered in evidence were not made out by the witness whose testimony was rejected, but by the night manager, who was not offered to show the accuracy of the report. The witness testified:

"On October 23d, we had one operator, Mr. Cunningham, and the accuracy of the report depends upon the accuracy of the operator in making the report. * * * The tape shows only the hieroglyphics—just like a telegraph operator. So many dots for each number, and you give him a key, and anybody can read the number."

The slips offered show the hours from the time appellant went on duty, 7 p. m., October 22d, to 6 o'clock a. m., October 23d, purporting to register each box on all five of the floors, from the basement to the fourth floor.

The appellee objected that the validity of the paper depends upon the accuracy of the night operator, and, unless there was testimony of the operator who made them that the slips were correct, they should not be admitted; that the hours, as shown by the record offered, depended upon the accuracy of the act of the operator. The effect, if admitted, would be to admit hearsay evidence of the operator, Cunningham. The court sustained these objections, and we believe properly. The record made was not automatically done by the instrumentalities used as to the time, but this was made by the operator at the time of receiving the number of the box pulled. The time was the important question sought to be presented by this testimony. If the entries had been shown to have been made correctly, as to the time by the party making them, perhaps the slips would have been admissible. As we understand, evidence of this character is not admissible in this state. Cathey v. Railway Co., 104 Tex. 39, 133 S. W. 417, 33 L. R. A. (N. S.) 103; Id., 124 S. W. 217.

We find no reversible error, and the case will be affirmed.

### On Motion for Rehearing.

The appellant assumes that this court affirmed the case, on the theory that the Workman's Compensation Law, passed October, 1912, and effective September, 1913, controls it. We do not refer to the act in the opinion and are unable to see upon what appellant based its assumption. The mere fact that one of the judges asked a question during the oral argument, before the court, certainly does not warrant any such presumption.

[3, 4] The employé does not assume the negligence of the master unless he knows, or should have known, thereof. The fact that he may know the master is repairing a stairway does not charge him with the knowledge that the master has negligently placed a timber in the door through which his duties require him to pass every hour of the night, in such a position as to endanger him. The fact that he was fortunate enough to miss it in making his trips theretofore during the night does not conclusively show that he knew it was so placed in the door, or that he ought to have known it was there. He had the right to assume it was not there and that the master had done its duty. There was nothing shown by the facts to put him upon the inquiry as to whether the plank was so dangerously placed in the doorway. On the question of negligence in maintaining the premises as a reasonably safe place, we cite Memphis, etc., v. Gardner, 171 S. W. 1082–1085.

The motion for rehearing will be overruled.