### HOLTZCLAW v. MOORE. (No. 5733.)

(Court of Civil Appeals of Texas. Austin. Feb. 14, 1917.)

1. LANDLORD AND TENANT ⬤190(1)—TENANT'S EVICTION BY LANDLORD'S BREACH — AGREEMENT BY TENANT TO PAY FOR REPAIRS.

If a tenant, renting for a certain term and agreeing to pay for certain repairs to be made, after the repairs are made is compelled to remove because of landlord's wrongful breach of the rental contract, this does not entitle the landlord to apply upon such repairs the rent already paid.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 765, 767–769.]

2. TRIAL ⬤139(1)—DIRECTING VERDICT.

Whenever there is a question of fact for the jury, no matter how slight the evidence in support of such issue may be, the court should not instruct a verdict for either party, but should leave the issue to the jury for their determination; it being the province of the jury, and not the court, to determine it.

[Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 332, 333, 338–341.]

Appeal from Milam County Court; John Watson, Judge.

Action by George T. Moore against E. T. Holtzclaw. From judgment for plaintiff, defendant appeals. Reversed and remanded.

M. G. Cox and Morrison & Lewis, all of Cameron, for appellant. Chambers & Wallace, of Cameron, for appellee.

RICE, J. This suit was brought in the justice's court by appellee against appellant to recover a balance of $128 claimed to

be due as rent for a store building in Cameron, praying for distress warrant, which was issued and levied on certain goods of appellant, which were thereafter replevied by him.

Trial resulted in a judgment in favor of appellee against appellant and the sureties on his replevy bond for the sum of $36.65, from which an appeal was taken to the county court, in which court appellant, after a general demurrer and general denial, set up a cross-action wherein he claimed $199 as damages against appellee for breach of the rental contract, alleging that he rented this building from appellee to be used as a saloon, under the distinct understanding that the latter should open and permit to be kept open the back door of the building during the term of the lease, and that appellee breached this contract, and the door was wrongfully closed with his acquiescence and consent, and remained closed over appellant's protest during his entire occupancy of the building, appellant alleging that but for this agreement he would not have rented the building; that the back door trade was valuable to the saloon business, and that he lost profits by reason of its being closed; that it was the only means of access to the closets in the rear, and was necessary for the ventilation of the building; that on account of appellee's failure to keep the door open he was compelled to remove from the building, by reason of all which he was damaged to the extent claimed by him; that he only occupied the building for 2½ months, the rent for which he had paid—praying for judgment against appellee for the amount of his damages.

Appellee in reply claimed that appellant agreed to take the building for the balance of the term for which it was rented to one Joe Rice, and agreed to pay for certain repairs to be made thereon; that he removed from the building after the repairs had been made, for which appellee had paid the sum of $62.90; that by reason of the breach of his contract appellee was entitled to recover said amount, which should be deducted from the amount of the rent paid by appellant, leaving due the balance as sued for.

After the issues of fact had been settled, and before the commencement of the trial, appellant, under district and county court rule 31 (142 S. W. xx), for the purpose of obtaining the privilege of opening and concluding, admitted that appellee had a good cause of action, as set forth in his pleading, except so far as it might be defeated in whole or in part by the facts stated in appellant's answer constituting a good defense, which might be established on the trial.

Upon the conclusion of the evidence appellee moved the court to peremptorily instruct the jury to return a verdict in his behalf for the amount sued for, which was done, and judgment entered accordingly for appellee against appellant and the sureties on his replevy bond for the amount sued for; and this is the chief ground of complaint on the part of appellant in several assignments of error.

[1, 2] This instruction seems to have been given upon the idea that there was no issue of fact to be determined by the jury, as set forth in appellee's motion therefor. In this, however, appellee is mistaken. There was evidence on the part of appellant going to establish the facts set forth in his cross-action, which, if true, would have entitled him to a verdict. Besides, there is testimony on the part of appellant denying any agreement on his part to reimburse appellee for the repairs made to the building. If, however, there had been such agreement on his part, and he was compelled to remove therefrom on account of appellee's wrongful breach of the rental contract, still this would not have entitled appellee to apply the rent to be paid upon such repairs. The rule is well settled in this state that, wherever there is a question of fact to be determined by the jury, the court should not instruct a verdict in behalf of either party, but should leave the issue to the jury for their determination. No matter how slight the evidence may be in support of an issue, still it is the province of the jury, and not the court, to determine same. See Heatherly v. Little, 40 S. W. 445; Ward v. Powell, 127 S. W. 851; Eastham v. Hunter, 98 Tex. 580, 86 S. W. 323; Gray v. Fussell, 48 Tex. Civ. App. 261, 106 S. W. 454; Bowman v. Texas Brewing Co., 17 Tex. Civ. App. 446, 43 S. W. 808.

Believing that the court erred in peremptorily instructing a verdict in behalf of appellee, the judgment is reversed, and the cause remanded for a new trial not inconsistent with the views expressed in this opinion.

Reversed and remanded.