### RICHARDSON v. W. C. BOWMAN LUMBER CO. (No. 249.)

(Court of Civil Appeals of Texas. Waco. June 4, 1925.)

**1. Appeal and error ⬅⇒930(3)—Evidence considered favorably in determining whether it raises a defensive issue which appellant was entitled to have submitted to jury.**

In determining whether evidence raises a defensive issue, which appellant was entitled to have submitted to jury, reviewing tribunal must consider only evidence favorable to his contention, disregarding all evidence to contrary.

**2. Trial ⬅⇒350(3)—Evidence held to raise issue whether employee withheld sum claimed from plaintiff and appropriated it to his own use.**

In suit to recover money alleged to have been retained by plaintiff's employee on merchandise sold by him for plaintiff, evidence *held* to raise issue whether employee fraudulently withheld sum claimed from plaintiff and appropriated it to his own use.

**3. Trial ⬅⇒350(3)—Evidence held to raise issue whether purchaser executed to plaintiff note for amount alleged to have been retained by employee.**

In suit to recover money alleged to have been retained by plaintiff's employee on merchandise sold by him for plaintiff, evidence *held* to raise issue whether purchaser executed to plaintiff a note for amount alleged to have been retained by employee.

**4. Trial ⬅⇒350(3)—Evidence held to raise issue whether note executed by purchaser for amount alleged to have been retained by employee was a forgery.**

In suit to recover money alleged to have been retained by plaintiff's employee on mer-

chandise sold by him for plaintiff, evidence *held* to raise issue whether note executed by purchaser to plaintiff for amount alleged to have been retained by employee was a forgery.

**5. Trial ⬅350(3)—Evidence held to raise issue whether employee had authority to accept note and credit same on account of purchaser with plaintiff.**

In suit to recover money alleged to have been retained by plaintiff's employee on merchandise sold by him for plaintiff, evidence *held* to raise issue whether employee had authority from plaintiff to accept note from purchaser for amount alleged to have been retained by him, and to credit same on account of purchaser with plaintiff.

**6. Trial ⬅350(3)—Evidence held to raise issue whether plaintiff accepted note in sale made by employee as a binding obligation of purchaser.**

In suit to recover money alleged to have been retained by plaintiff's employee on merchandise sold by him for plaintiff, evidence *held* to raise issue whether plaintiff accepted purchaser's note for amount alleged to have been retained by employee as a binding obligation of purchaser.

**7. Trial ⬅350(3)—Evidence held to raise issue of genuineness and validity of purchaser's note, received by plaintiff in sale of merchandise by employee.**

In suit to recover money alleged to have been retained by plaintiff's employee on merchandise sold by him for plaintiff, evidence *held* to raise an issue of genuineness and validity of note executed to plaintiff by purchaser for amount alleged to have been retained by employee.

Appeal from District Court, Freestone County; A. M. Blackmon, Judge.

Suit by the W. C. Bowman Lumber Company against Guy Richardson and others. Judgment for plaintiff, and named defendant appeals. Reversed and remanded.

James Spiller, of Wortham, and W. T. Thomason, of Fort Worth, for appellant.

Levi Herring, of Fairfield, and Elmer Graham, of Graham, for appellee.

GALLAGHER, C. J. This suit was instituted originally by appellee, W. C. Bowman Lumber Company, against one G. W. Garrett, appellant, Guy C. Richardson, and the Maryland Casualty Company. Appellee sought, in its original petition recovery on a promissory note purporting to have been executed by said Garrett to appellee, dated December 29, 1920, due October 15, 1921, for the sum of $977, with interest and attorney's fees, and, failing a recovery against said Garrett on said note, in the alternative sought a recovery against appellant, Richardson, and said Maryland Casualty Company for the sum of $977, with interest at the legal rate from December 28, 1920.

The case was tried on appellee's second amended petition. In this petition appellee stated that it elected "to drop the defendant G. W. Garrett from further liability herein, without prejudice to either of the parties herein, and proceed against the defendants Guy Richardson and the Maryland Casualty Company, the other named defendants, alone." Appellee alleged that on December 28, 1920, appellant was manager of its local lumber yard at Olney, Tex.; that said Garrett was at that time indebted to it on a running account in the sum of $1,980 for merchandise purchased from it through appellant; that on said day said Garrett paid, or caused to be paid to appellant in money for the use and benefit of appellee, the said sum of $1,980 in full of his liability on said account; that appellant, with intent to defraud appellee, withheld out of the money so paid the sum of $977, and converted the same to his own use with intent to deprive appellee of the use, benefit, and ownership of the same, and that appellant had never accounted to it for the same, or any part thereof. Appellee further alleged that said Maryland Casualty Company had undertaken to indemnify it against loss from the fraud of appellant or embezzlement of its funds coming into his hands as its employee, and sought a recovery also against said casualty company for said sum so alleged to have been withheld and converted by appellant. Judgment having been rendered for said casualty company, and said company not being a party to this appeal, its pleadings need not be recited.

Appellant denied all of appellee's allegations, and specially denied the fraudulent withholding and appropriation of said sum of money. He alleged that said Garrett executed and delivered said note to appellee; that said note was at that time a valid, subsisting obligation, and had not been paid; that appellee then had the said note in its possession, and had not tried in good faith to collect the same, and other matters not necessary to recite. Appellee, in reply thereto, filed a supplemental petition, alleging that said Garrett note was a forgery and unenforceable because of such fact, and that appellant forged the same.

The case was tried before a jury. The court submitted three special issues. All of them were with reference to the liability of the casualty company. They were answered in favor of said company, and the court thereupon rendered judgment in favor of appellee against appellant for the sum of $977, with interest thereon from the 28th day of December, 1920, at the rate of 6 per cent. per annum, and all costs, and in favor of said Garrett and said casualty company that appellee take nothing against them. This appeal is from the judgment in favor of appellee against appellant. Neither said

Garrett nor said casualty company are parties to the appeal bond.

[1] The only propositions presented by appellant in his brief which we deem it necessary to discuss are those complaining of the refusal of the court to submit the issues arising between him and appellee to the jury for determination. In determining whether the evidence raised a defensive issue, or issues which appellant was entitled to have submitted to the jury for determination, we must consider only the evidence favorable to his contention, discarding all evidence to the contrary. Eastham v. Hunter, 98 Tex. 560, 564, 565, 86 S. W. 323; Progressive Lumber Co. v. M. & E. T. Ry. Co., 106 Tex. 12, 14, 155 S. W. 175; Harpold v. Moss, 101 Tex. 540, 542, 109 S. W. 928; Choate v. S. A. & A. P. Ry. Co., 90 Tex. 82, 88, 36 S. W. 247, 37 S. W. 319.

Appellant testified in his own behalf that he was manager of appellee's lumber yard at Olney; that he was in the habit of taking turnkey jobs for appellee, that is, furnishing all labor and material to complete a house or other improvements for a specific contract price; that appellant's Texas superintendent knew of such custom, and did not object thereto; that in such contracts he retained the profit or suffered the loss, as the case might be; that he first made a contract with said Garrett to build a house for him, complete, for approximately $3,000; that later he made a contract with said Garrett to erect a barn and other improvements in connection therewith for somewhere about $900 or $1,000; that the material had to be shipped about 75 miles; that he paid the freight and paid for the work and completed both jobs; that Garrett, on December 28, 1920, owed a balance of $1,980 on the house job, and the entire amount on the barn job; that a Mr. Hunt was willing to pay for Garrett the balance on the house job, provided he discounted the bill $50, but he was not willing to pay for the barn job; that he took the $977 note in evidence from Garrett to appellee for the barn job, and received in cash from said Hunt $1,930 in full of the balance due on the house job; that he credited Garrett's account on the books of appellee with the note and enough cash to balance the same, and applied the remainder of the cash so received to reimburse himself for freight and labor bills incurred by him in executing said contracts; that he turned said note over to appellee; that he was authorized to sell on credit and take notes; that all this was done to get business for appellee's yard, and that he personally lost on the transaction; that he left appellee's employ in September, 1921; that subsequent to that time, Garrett having raised some question about the note, he returned to Olney and went with a representative of appellee to see Garrett about it, and that Garrett at such interview admitted that the note was genuine and promised to come down and take care of it.

Mr. Hunt's checks, on which the cash received in settlement of the Garrett contract was paid, recited: "G. W. Garrett bill in full for house and barn." The Garrett note, if valid, was satisfactory to appellee, and as good as any of its notes. Said note at the time of the trial of this case was held by appellee, listed and claimed as an asset, and there is no contention it had ever been tendered to appellant. There was evidence contradicting appellant's testimony on most of the points above recited. Garrett testified he paid for the barn job with a secondhand automobile, and that the only note he signed for appellant was represented to be a note for the $50 discount his banker, Mr. Hunt, refused to pay. There was also testimony tending to corroborate appellant on some points. There was no evidence contradicting appellant's testimony that both house and barn were contract jobs, and that the merchandise account charged to Garrett on the books was for merchandise used by appellant in performing said contracts, and not for merchandise purchased by Garrett as such.

The court did not file any conclusions of fact or law, but his holding as to the effect of the evidence as a whole is reflected by one of the special issues submitted to the jury, with reference to the liability of the casualty company. Said special issue is as follows:

"Did the plaintiff, Bowman Lumber Company, discover, at any time prior to September 7, 1921, or at any time within two years thereafter, the fact of the defalcation or appropriation by defendant, Guy Richardson, of the $977 belonging to said plaintiff, and received by said Richardson for the plaintiff, as plaintiff's agent, from G. W. Garrett?"

We construe the language of this issue as indicating that the court was of the opinion that appellant had received $977 in money; that the same belonged to appellee; that he received it as agent for appellee, and that he had embezzled or fraudulently appropriated the same.

[2] Appellant excepted to the charge of the court on the ground that the same failed to submit certain issues which he claimed were raised by the evidence in the case, and which he claimed, if found in his favor, would constitute a defense. He also prepared and presented written issues covering each of said grounds of objection, and requested the court to submit the same to the jury. All said requests were refused. One of said issues so requested was as follows:

"Did the defendant, Guy Richardson, on or about the 28th day of December, 1920, fraudulently withhold from the plaintiff the sum of $977 belonging to the plaintiff and appropriate the same to his own use and benefit?"

We think the evidence quoted above raised this issue. If appellee knew of and tacitly assented to the action of appellee in taking contracts for the erection of buildings and other improvements complete, and to his using material out of its stock of merchandise to enable him to perform such contracts, and to his accounting to it therefor out of the returns from such contracts, he would doubtless be liable to appellee for the value of all such material so used in an appropriate action. Such facts, however, would not constitute appellee the owner of the entire returns from such contracts, nor necessarily make the use of a part of such returns in paying necessary freight, labor, and other bills, incurred in executing such contracts, embezzlement or fraudulent appropriation on his part. He was entitled to have his testimony that he was compelled to take a note for the entire barn contract, that he caused said note to be made payable to appellee and turned it over to appellee, considered in that connection. This is not an action for the value of the lumber and material used by appellant in executing the Garrett jobs. It is predicated on a claim that, notwithstanding the contentions of appellant, the very money received by appellant from Hunt in part payment for said jobs was its money, and that appellant embezzled the same. Considering this matter in the light most favorable to appellee, it was an issuable fact, and should, when requested by appellant, have been submitted to the jury for determination.

[3-7] Appellant, by separate requests, asked the court to submit the following issues:

"(a) Did G. W. Garrett make, execute and deliver to plaintiff, W. C. Bowman Lumber Company, the note for $977 introduced in evidence in this case?

"(b) Is the note for $977, purporting to be executed by G. W. Garrett and introduced in evidence in this case, a forgery?

"(c) Did the defendant, Guy Richardson, have authority from the plaintiff, W. C. Bowman Lumber Company, to accept the note for $977 and credit the same on the account of G. W. Garrett with said company?

"(d) Did the W. C. Bowman Lumber Company, plaintiff in this case, accept the note for $977, being the note introduced in evidence on the trial hereof, as a binding obligation of said G. W. Garrett?"

The court refused to submit any of said issues.

Appellee did not deny that it had received and was holding the Garrett note. It did not contend that Garrett was insolvent, nor that it was unwilling to accept his note as cash if valid and enforceable. It did not claim to have offered to return said note to appellant, nor was such offer made in its pleadings. It sought to justify its action with reference to such note by charging that it was a forgery. If it was a forgery, it was without value, and appellee's failure to return or offer to return it to appellant afforded him no ground for complaint. Neither its delivery to appellee under such circumstances nor appellee's retention of the same would be a defense to this suit. However, if said note was not a forgery but was valid and enforceable, as testified by appellant, the situation was different, and called for further consideration. The evidence unquestionably raised an issue of the genuineness and validity of said note. We think it also raised the other issues which appellant so sought to have submitted. We think the court should have submitted to the jury either issue (a) or (b), and also issues (c) and (d) as above set out.

The judgment of the trial court is reversed, and the cause remanded for another trial of the issues between appellant and appellee.