[Opinion delivered October 28, 1884.]

---

E. A. KING v. P. PFEIFFER & Co.

(Case No. 1702.)

1. BILL OF EXCEPTIONS.— The statement of facts was on motion stricken from the record. An exception was taken in the court below to the action of the special judge in overruling objections to his trying the cause; the ground of the objection being that he was the attorney for a claim against an insolvent assignor, and could not sit as judge in a cause involving the validity of the assignment. *Held*, that in the absence of any statement in the bill of exceptions showing the ground on which the objection was overruled, it will be presumed that it was because the alleged ground of disqualification did not exist.

2. PRACTICE— EVIDENCE.— In the absence of a statement of facts the court will not reverse on an exception to the irregular admission of evidence, there being nothing to show that it worked injury or prejudice to appellant's rights.

. APPEAL from Camp. Tried below before the Hon. George T. Todd, Special Judge.

The appellee recovered judgment against one Brinck, and execution was levied on a stock of goods. It was alleged that two days before execution issued the debtor made an assignment of his goods to appellant for benefit of creditors. After levy the appellant made oath and filed claim bond under the statute. There was a trial of the right of property. The statement of facts was on motion stricken from the record. Judgment below for appellant.

No briefs on file for appellant.

*W. T. Armstead, W. R. Camp* and *W. J. Singletary*, for appellee.

WILLIE, CHIEF JUSTICE.— The statement of facts was upon motion of appellees stricken from the transcript on a former day of this term. The two errors insisted upon in this court will therefore have to be considered without reference to the evidence before the court upon the trial of the cause. It is claimed that the special judge was disqualified to hear and determine the cause for the reason that he was attorney for one of the claims filed with the assignee of B. F. Brinck. This objection was saved by a bill of exceptions, which states that the objection was overruled by the court, but does not say whether it was overruled because the presiding judge was not attorney for the claim; or, because the fact that he was, would not disqualify him. If on the first ground, the judge was undoubtedly right in not sustaining the objection; we cannot presume that it was overruled upon the other ground. It is the duty of the party bringing before us a ruling of the court below for revision to furnish us with all facts necessary for us to understand and pass upon it; and, if the ruling can be sustained upon the record, we will not resort to presumptions of something that may have occurred, not shown by the transcript, in order to hold the ruling incorrect and reverse the cause. As to the other assignment, it is enough to say that without a statement of facts we cannot tell whether or not the execution claimed to have been irregularly admitted had any effect upon the decision of the cause. Other evidence establishing the same facts as those shown by the execution may have been before the court, or its admission may have been unimportant for other reasons. Hence, without passing upon the question of the right of the court to admit new evidence after the case has been concluded and argument waived, it is sufficient to say that unless that evidence could, under the state of facts before the

court, have affected the cause one way or other, its admission could do no harm; and is not an error for which the judgment will be reversed. There is no error in the judgment, and it is affirmed.

AFFIRMED.

[Opinion delivered October 28, 1884.]