New Orleans Furniture Manufacturing Company v. Hill Furniture Company.

Decided April 14, 1906.

**1.—Tender—Verdict—Judgment.**

Plaintiff sued defendant on open account for $263.43. Defendant plead that all of the account had been paid except $91.78, which had been tendered before suit filed. The court charged the jury that if they found that defendant was not indebted to plaintiff for more than $91.78, and that this amount had been tendered before suit was filed, to return a verdict for defendant. There was a general verdict for defendant. The court rendered judgment for plaintiff for $91.78. Held, an irregularity of which plaintiff could not complain.

**2.—Assignment of Error—Bill of Exception.**

An assignment of error based upon the admission of evidence will not be considered when not supported by the bill of exception.

Appeal from the County Court of Harris County. Tried below before Hon. Blake Dupree.

*Hunt & Myer,* for appellant.—There was no basis in the verdict for the judgment as rendered.

The charge of the court (quoted in the opinion) was misleading.

The court erred in admitting the testimony of the defendant Hill concerning the statements of one Shepherd, because it did not appear that said Shepherd had any authority to bind the plaintiff. Wharton on Evidence, 1183, 1178; Kohn Bros. v. Washer & August, 64 Texas, 132; Evans-Snider-Buell Co. v. Holder, 41 S. W. Rep., 404.

*Brockman & Kahn,* for appellee.—The court did not err in rendering judgment upon the verdict of the jury as returned, because it was admitted during the trial that the tender of $91.78 was made. Jones v. Ford, 60 Texas, 127.

Appellant's bill of exception to the admission of the statements by Shepherd is insufficient to show error, because the bill does not state that the objections urged were true. It merely states that appellants "objected for the reason that it was not shown that Shepherd had any authority to make the agreement, and in the absence of proof of authority the testimony desired to be elicited was not admissible." Ward

v. Cameron, 97 Texas, 466; Kelly v. State, 62 S. W. Rep., 915; Terrell v. McCown, 91 Texas, 231; King v. Pfeiffer, 62 Texas, 307.

GILL, CHIEF JUSTICE.—The appellant sued the appellee to recover upon an open account for $263.43. The appellee answered setting up that all of the account had been paid except $91.78, pleading that that sum had been tendered prior to the suit and renewing the tender in open court.

The only issue was the truth of the pleas of payment, and a trial by jury resulted in a verdict and judgment in favor of defendant upon that issue.

Appellant complains of the action of the trial court in rendering a judgment in its favor for $91.78 on a general verdict in favor of defendant.

In view of the tender on the part of defendant of $91.78 the court charged the jury:

"If you find from the evidence that the defendant is not indebted to the plaintiff for more than $91.78, and you further believe from the evidence that this sum was tendered to the plaintiff prior to the institution of the suit, then let your verdict be for defendant."

There was a general verdict for defendant, and the court rendered a judgment in favor of plaintiff for $91.78.

This irregularity constituted no error of which appellant can complain. The meaning of the verdict of the jury in the light of the charge is perfectly plain, and the jury having found in effect that the defendant was indebted in no greater sum than the amount tendered and appellant having been awarded the sum it is in no position to complain.

The objections urged to the charge are without merit.

Appellant objected to certain testimony of the defendant's witness Hill, on the ground that the declarations of one Shepherd, which the witness detailed, were inadmissible because Shepherd was not shown to be the agent of appellant.

The bill of exceptions nowhere shows that Shepherd was not shown to be the agent of appellant, and a reference to the record shows that the testimony complained of was brought out on the cross examination of plaintiff. The bill discloses no error. (Ward v. Cameron, 97 Texas, 466; Terrell v. McCown, 91 Texas, 231; King v. Pfeiffer, 62 Texas, 307.)

The judgment is affirmed.

*Affirmed.*