TEXAS & NEW ORLEANS RAILWAY COMPANY v. A. G. & J. C. BROOM.

Decided December 23, 1908.

**1.—Title by Limitation—Ten Years—Intent—Metes and Bounds.**

One who designates a tract of 160 acres of land by metes and bounds out of a larger tract belonging to another, and enters into possession of the same with the avowed intention of acquiring title thereto by limitation, and continues in possession of the same for ten years under the conditions prescribed by the statute, will acquire title thereto, under said statute; and neither the fact that he is the owner of an adjoining tract, nor that the tract so occupied is carved out of a larger tract, will affect his right.

**2.—Same—Cases Distinguished and Approved.**

Evidence as to title by limitation under the ten years statute, considered, and distinguished from Bracken v. Jones, 63 Texas, 184, and Tucker v. Smith, 68 Texas, 473.

**3.—Same—Evidence—Declaration of Occupant as to Boundaries.**

The declarations of an occupant of land as to the boundaries to which he claims, are competent evidence as verbal parts of his act of occupancy, serving to give it an adverse character.

**4.—Evidence—Cross-Examination of Witness—Waiver.**

A party who, on cross-examination of a witness, brings out in detail evidence which he objected to on direct examination of the witness, thereby makes it his own evidence, and cannot complain of its admission in the first instance.

**5.—Title by Limitation—Occupation—Charge Approved.**

A charge upon the character of possession necessary to acquire title to land under the ten years statute of limitation, considered and approved. It is only necessary that the adverse occupant should cultivate, or use, or enjoy the land; these acts need not all concur.

**6.—Trial—Remarks of Judge—Bill of Exception.**

When a bill of exception to the admission of evidence complains only inci-

dentally of a remark of the judge concerning the evidence, the bill is not a sufficient basis for an assignment of error as to the remark of the judge.

**7.—Title by Limitation—Evidence.**

   Evidence considered, and held sufficient to support a plea of title under the ten years statute of limitation.

   Appeal from the District Court of Sabine County.   Tried below before Hon. W. B. Powell.

   *Goodrich & Synnott,* for appellant.—A naked trespasser upon the land of another is not, while he is in the actual possession of a portion of the land, in the constructive possession of any other portion of the land.   Whitehead v. Foley, 28 Texas, 268; Cantagrel v. Von Lupin, 58 Texas, 578; Beaumont Lbr. Co. v. Ballard, 23 S. W., 921; McCall v. Neely, 3 Watts, 72; Barr v. Gratz, 4 Wheaton, 216; Horton v. Crawford, 10 Texas, 388.

   A naked disseizer who has entered upon a larger survey in order that he may acquire title to 160 acres of such larger survey, under the ten years statute it is incumbent upon him to show by a preponderance of the evidence that his entry made, was made by him as to the whole survey; that he has claimed the whole survey while in possession of it adversely to the true owner, and has used and occupied it for ten consecutive years.   In other words, his entry and claim must be to the whole survey, and not to any particular part of it, since whatever possession he may have of it is limited to that actually used by him, and is not, and can not, be extended by construction to any of it.   Whitehead v. Foley, 28 Texas, 289; Horton v. Crawford, 10 Texas, 388; Barr v. Gratz, 4 Wheat., 216; Cantagrel v. Von Lupin, 58 Texas, 578.

   Where a title by limitation is asserted to land, privity being shown between the party asserting it, and another in former possession, the declarations of claim and boundaries of claim made by the former possessor to the land before he parted with it are self-serving and not admissible to prove title or boundaries of the claim, or claim of a former possessor, it being shown that such former possessor was living and could have been called to testify to such matters.   Snow v. Starr, 75 Texas, 416; Hancock v. Tram Lumber Co., 65 Texas, 233; Ellis v. Stone, 4 Texas Civ. App., 164; Mooring v. McBride, 62 Texas, 312; McDow v. Rabb, 56 Texas, 154; Curtis v. Wilson, 2 Texas Civ. App., 646; Hunnicutt v. Peyton, 102 U. S., 333, 26 Law ed., 118; George v. Thomas, 16 Texas, 74; Stroud v. Springfield, 28 Texas, 649; Evans v. Hurt, 34 Texas, 111, and 49 Texas, 311; Smith v. Russell, 37 Texas, 247; Russell v. Hunnicutt, 70 Texas, 660.

   A party who can call a witness to testify should not be permitted by the court to prove his declarations and statements made by him to another, where such declarations and statements are self-serving and would be within the rules or hearsay.   Nalle v. Gates, 20 Texas, 319.

   A person to be in adverse possession of the land of another, his possession must be hostile to the true owner, and as to him, it must

be under a claim of right. It must be actual. It must be open and notorious, and it must be exclusive. Either element wanting would make the possession not adverse to the true owner. Forsod v. Golson, 77 Texas, 668; Chance v. Branch, 58 Texas, 490.

*C. W. Nugent* and *H. B. Short,* for appellees.—That a naked disseizer owned other land adjoining the land that he held and claimed by virtue of the statute of limitations of ten years, would not preclude him from availing himself of the benefits of such statute under adverse possession, claim, use and cultivation, and his possession of a part of a specific tract, described by metes and bounds, not embracing more than 160 acres, would extend to the whole of the tract so possessed, claimed, used and cultivated, and he would not be restricted to the land only actually enclosed by him, especially in the absence of any claim by him of any lands outside of 160 acres so defined. Dawson v. Ward, 71 Texas, 72; Porter v. Miller, 76 Texas, 593; Butts v. Caffall, 24 S. W., 381; Hodges v. Ross, 25 S. W., 976; McCarty v. Johnson, 49 S. W., 1099; Giddings v. Fischer, 77 S. W., 209.

When a party is in possession of land of which he has held adverse possession for ten years and claims under no muniments of title or color of title which fixes the boundaries of his claim, he may, under our statutes, assert title to 160 acres without showing actual occupancy of the whole, provided the tract so claimed embraces the land of which he has had actual possession, and provided further, that he describes in his pleading the 160 acres to which he asserts title, and that he proves upon the trial that while occupying a part he claimed the whole of such 160 acres so defined by him; and this does not constitute an election or partition of land between two owners in any manner contrary to our statute, because no title ripens in favor of the trespasser until after such trespasser shall have occupied, used, cultivated and enjoyed the same, claiming such land by defined metes and bounds adversely for a full period of ten years. Same authorities.

A claim of land held, possessed and cultivated by a trespasser being one of the essential requirements of the statute to enable such possessor to acquire title, the question of such claim becomes one of fact, to be proven as any other fact, and a subsequent holder and claimant will not be restricted to the former holder in making proof of claim by such former holder, and the statements and declarations of such possessor is one of the best evidences of such claim by him, and such assertions of claim may be proven as any other essential element of a limitation title, and will be considered in connection with possession, use and cultivation, and not separate therefrom, and may be presumed from actual possession, use, cultivation and improvement. The declaration of the former occupant as to claim may be proven as *res gestae.* Whitehead v. Foley, 28 Texas, 286-288; Giddings v. Fischer, 77 S. W., 209; Am. & Eng. Ency. of Law, 1st ed., 891; Kennedy v. Wible, 11 Atl., 98; Webb v. Richardson, 42 Vt., 465.

FLY, Associate Justice.—This is an action of trespass to try

TEXAS & N. O. RY. CO. v. BROOM.

title to 160 acres of land, instituted by appellant. The cause was tried by jury and resulted in a verdict and judgment for appellees.

The title to the land in controversy was held by appellant, unless appellees showed title under the statute of ten years limitation. The evidence satisfactorily shows that appellees and those under whom they claim had peaceable and adverse possession of the land in controversy for a period of more than ten years, cultivating, using and enjoying the same, and that a title by limitations is vested in them.

It appears from the evidence that G. W. Whitehead, through whom appellees claim, owned in 1888 a tract of land known as the Jacks tract, which lies directly east of the 160 acres of land sued for, and that he, with full knowledge of his boundaries, went upon the 160 acres of land, which at that time belonged to appellant, and fenced and improved a part of it with the avowed intention of perfecting a title by limitations to the specific 160 acres of land which are involved in this suit. His possession and that of those holding under him, among the number being appellees, was not interrupted until the institution of this suit on May 4, 1903, a period of fifteen years. The land fenced by G. W. Whitehead was entirely on the land in controversy and was not the projection of a farm lying partly on the Jacks tract of land. The south line of the land in controversy is a continuation of the south line of the Jacks survey out to the west line of the former, thence with that line to the north line to a point that is reached by a prolongation of the west line of the Jacks survey, thence south to the said line and with it to the place of beginning, which is the southwest corner of the Jacks survey. G. W. Whitehead had the lines mentioned designated and marked on the ground before he went into possession in 1887 or 1888. The land was measured with a rope and trees were marked along it. The old marks along the lines were found by a surveyor in 1903.

This is not a case of the extension by an adjoining owner of his farm or other improvements across his line on to the land of another, as claimed by appellant, but the case is one where the person owing a tract of land deliberately enters into possession of the land of another adjoining his with the avowed intention of holding 160 acres of land which he has designated by metes and bounds. The cases of Bracken v. Jones, 63 Texas, 184, and Tucker v. Smith, 68 Texas, 473, have no applicability to the case presented to this court by the statement of facts.

In the case of Bracken v. Jones the contest was over four acres of land which adjoined the tract of Mack Bracken and which he had included in his enclosure which he had ignorantly projected across his boundary line. He did not claim any of the adjoining land, but thought the four acres was a part of his tract. Under that state of facts the court very properly held: "Whilst the true owner is chargeable with a knowledge of the boundaries of his land, he can hardly be affected with notice that a neighbor, who has encroached a few feet upon his tract, is doing so for the purpose of acquiring title to six hundred and forty acres of it. . . . The party encroaching would be entitled to no more than the land actually occupied by

Vol. LIII Civil—6.

him." To the same effect is the decision in Tucker v. Smith, and the line of cases similar thereto. The fact that the owner of adjoining land was the party endeavoring to obtain title by limitation to the land, if the facts show a distinct, open, hostile claim to the land, should cut no figure. He can perfect title by proof of the same facts that would give title to any other claimant to the land. The distinction between the cases mentioned and one like that now under consideration is pointed out in an opinion rendered by the Court of Civil Appeals of the First District, in the case of Davis v. Houston Oil Company, 50 Texas Civ. App., 597.

Under the facts in this case the possession of appellees and those under whom they claim would not have given them title to 160 acres of land out of the tract owned by appellant without the exact limits being prescribed, had there not been a designation of the lines and corners of a specific 160 acres. But the lines were marked, the corners fixed and open claim made to the identical tract of land sued for by appellant. The facts bring the case within the purview of the decision in Giddings v. Fischer, 97 Texas, 184, as to the description of the land claimed under limitation. It does not matter that the corners were not fixed, as a surveyor might have done it, nor that the lines were not run out in a very artistic manner; the land was designated, and when the surveyor surveyed the land in the most approved style he found the corners correctly fixed and the lines properly marked.

There is no cogency in the contention that a naked trespasser can not, by entering into actual possession of a part of a large tract and by surveying a less tract than the whole and thereafter using, occupying and claiming it to such designated lines and corners, acquire title to the specific land designated by limitation. Appellant fails to give a reason for its proposition, and the cases of Whitehead v. Foley, 28 Texas, 268; Mooring v. Campbell, 47 Texas, 41, and Bracken v. Jones, 63 Texas, 187, cited by it, do not sustain it. This case in its facts is stronger than the case of Davis v. Oil Co., hereinbefore cited. In that case all that Davis did to designate the 160 acres and segregate it from the section of which it was a portion was to "step it off," without marking the lines. The court held: "He settled on the land with the intention from the beginning of claiming the entire 160 acres and of maturing his occupancy into a title under the statute of limitations of ten years. His possession was peaceable and uninterrupted by suit until the institution of the present action. His claim to the land was known to his neighbors, but it does not appear that he gave notice to anyone or that they knew that he claimed the identical 160 acres to which he now sets up title." The lower court rendered judgment against Davis, which was reversed by the Court of Civil Appeals and judgment rendered in his favor for the identical 160 acres of land that he had "stepped off." The Supreme Court has approved the latter judgment by refusal of a writ of error.

In the case at bar G. W. Whitehead fenced and cultivated a part of the land and marked off and designated the 160 acres claimed by him. He gave notice that he claimed the identical 160 acres sued for, and bounded it by designating corners and marking the lines, and

for fifteen years continuously before the suit was instituted the land was occupied and the 160 acres claimed by those in possession. The propositions announced in the Davis· case are sustained by the opinion in the case of Giddings v. Fischer, herein cited, in which the Supreme Court said: "When a party is in possession of land of which he has held adverse possession for ten years and claims under no muniment of title or color of title which fixes the boundaries of his claim, he may under our statute assert title to 160 acres without showing actual occupancy of the whole, provided that the tract so claimed embrace the land of which he has actual possession, and provided further, that he describe in his pleading the 160 acres to which he asserts title, and that he prove upon the trial that while occupying a part he claimed the whole." To the same effect is the case of Smith v. Simpson Bank, decided by this court (52 Texas Civ. App., 108).

G. W. Whitehead, through whom appellees claim their title by prescription, went into possession of the land in 1887 or 1888 after he had surveyed it, and his declarations as to the extent of his claim were properly admitted in evidence. The admissibility of his declarations was not affected by the fact that he was still living. It is stated in Wigmore on Evidence, sec. 1778, that declarations by the occupant of land, importing a claim of title in himself, are always admissible as verbal parts of his act of occupation, serving to give it an adverse color. A number of decisions are cited in support of the text, among the number being Claremont v. Carlton, 2 N. H., 369, where the declarations of the occupant showing the bounds of the occupation were held admissible. Declarations of ownership coupled with possession are the strongest proof of adverse possession and are always admissible. Harnage v. Berry, 43 Texas, 567; Curtis v. Wilson, 2 Texas Civ. App., 646; Ricard v. Williams, 20 U. S., 59; Knight v. Knight (Ill.), 53 N. E., 306; Greenleaf Ev., sec. 108. The declarations of Whitehead were admitted not as evidence of title, that was shown by his possession, but as declaratory of the extent of his possession.

If there were any merit in the contention of appellant as to the admission of the declarations of G. W. Whitehead, the force and effect of it has been lost by the same declarations having been more fully and explicitly brought out on the cross-examination of the witness who testified in regard to them, than they were shown by appellees. Appellant brought out in detail the evidence of the declarations of G. W. Whitehead, and thereby made it his evidence. The evidence as to declarations as to the extent of the bounds of the claim were made in connection with proof of the measurement of the land and its designation by metes and bounds. No objection was urged to the testimony of A. H. McGown, who went into possession of the land in 1893, and testified that the lines were shown to him and that he had claimed the land within those bounds. There was evidence tending to show that McGown went into possession of the land more than ten years before the suit was instituted. (Eastham v. Hunter, 98 Texas, 560.)

There is no merit in the fifth and sixth assignments of error. The charge correctly informed the jury that: "If you believe from a

preponderance of the evidence that the defendants, and those under whom they claim, have had peaceable and adverse possession (as those terms have been defined) of the land described in the defendants' answer, claiming, cultivating, using or enjoying the same, by defined metes and bounds, continuously for ten years before the filing of this suit on the 4th day of May, 1903, you will find for defendants." The charge was not on the weight of the evidence. The court fully defined peaceable and adverse possession. Adverse possession was defined as "an actual, continuous, notorious, visible and hostile appropriation of the land, commenced and continued under a claim of right inconsistent with and hostile to the claim of another," and if appellees claimed the land, or cultivated the land, or used the land, or enjoyed the land with such a possession for ten years, they had a title to it. That was what the court told the jury. The word, "claiming," is not used in the statute defining ten years possession, but we do not think the jury could have been misled by it.

The court properly excluded testimony of declarations of G. W. Whitehead, made long after he had parted with title to the land in controversy, not as to his claim on that land, but in regard to a claim against another part of appellant's tract of land lying north of the Jacks tract. Such testimony had no bearing whatever on the facts of this case. Independent of any claims that G. W. Whitehead may have made to the land in controversy, the evidence showed a title by ten years limitation in appellees, and what he may have stated about claiming another piece of land was utterly irrelevant and could not have weakened or impaired appellees' claim to the land.

There is no bill of exceptions found in the record raising the objection to the remark of the court "that the statements made by the parties in possession of the land were the strongest character of evidence," and consequently there is nothing upon which to base an assignment of error. Bill of exceptions No. 2 is referred to in the assignment of error attacking the language of the court, but there is no objection to anything in that bill of exceptions except to certain testimony, there being merely an incidental reference to the language of the court in connection with the admission of the evidence.

Our conclusions of fact dispose of the tenth assignment of error, which attacks the sufficiency of the evidence to sustain a title by limitations. The judgment is affirmed.

### ON MOTION FOR REHEARING.

Appellant misapprehends the testimony of A. H. McGown when it claims that he swore that he moved on the 160 acres of land in controversy in the fall of 1893. The witness swore that he moved to the Drusilla Jacks place, which lies adjoining the land in controversy, in the fall of 1893, but that he cultivated the latter land in 1893. The witness was living on the Parden place during the year 1893 while he was cultivating the 160 acres in controversy. G. W. Whitehead was living on the Jacks place at that time, but McGown was in possession of the 160 acres. The witness said: "I went and cultivated the land in '93, and I don't know what year I

bought the Drusilla Jacks. The reason that I remember this was the first year I married I moved down there and took possession of the crop, and that was the year '93. That was when I lived on the Parden place in '93, and in that year I moved on the Drusilla Jacks in the fall, and made a crop on the land in controversy before I moved on the Drusilla Jacks. I moved on the Drusilla Jacks the same year that I made the crop. I moved on the Drusilla Jacks place before I bought it from A. D. Hamilton, and was living there at the time I bought it from him. I don't remember exactly when I purchased the land from Mr. Hamilton; I don't think it was long after I moved on the place." The witness may have been mistaken as to when he obtained a deed to the Drusilla Jacks place, but he fixes his possession of the land in controversy as during the year 1893, by his marriage, a circumstance which usually impresses itself on a man's mind. We conclude that in order to make a crop Mc-Gown must have been in possession of the place before May, 1893. The motion for rehearing is overruled.

*Affirmed.*

Writ of error refused.