The STATE of Texas, Appellant,

v.

Louis C. BERGER et ux., Appellees.

No. 4727.

Court of Civil Appeals of Texas.

Waco.

June 27, 1968.

Rehearing Denied July 18, 1968.

**558**

Crawford C. Martin, Atty. Gen., of Texas, Austin, Donald M. Keith, Asst.Atty. Gen., of Texas, for appellant.

Hugh D. Reed, Jr., Fairfield, W. A. Keils, Jr., Teague, for appellees.

## OPINION

WILSON, Justice.

The State's points in this highway condemnation case, except one, assert inadequacy of evidence to support each of the jury findings. We overrule all points and affirm.

Appellees owned a tract of 95 acres which is bisected by the 35-acre strip condemned for the highway, leaving a remainder consisting of two separated tracts of approximately 30 acres each.

The jury found (1) the value of the condemned 35-acre strip was $7,911.57; (2) the value of the remaining 60 acres before taking was $12,780.39. It was found (3) the remainder had a value of $8,478.85 after taking. Judgment was rendered on the verdict.

Upon the hearing of the State's motions for judgment non obstante veredicto and for new trial, the court ordered a remittitur of $1,258.59, which was remitted by appellees without objection.

The State says its principal contention is that the only testimony sustaining the findings on the value of the strip taken and damage to the remainder is that of the owner, which it says was based entirely on hearsay. Admission of the evidence is not complained of.

On direct examination Berger testified he believed he knew the value of the strip condemned, and it was from $225 to $250 per acre; that the remainder had been damaged $50 per acre. No objection was made to his testimony. On cross-examination the State proved he "investigated those matters as to land prices" before he bought it, and again had him testify as to his opinion of value and damages, having him reiterate his testimony (that the land taken had a market value of $225 to $250 per acre and that damage to the residue was $50 an acre) without objection or motion to strike. The State evoked his repetition of the elements he considered in reaching his opinion of damages.

The State then asked Mr. Berger what he based his opinion of value on, and he replied, "I just heard around and talked around and discussed it around, and such as that, with people in this vicinity." Again thereafter, without qualification or objection, appellant elicited directly from the witness his opinion of market value and

damages, his testimony being the same as on direct examination.[1]

 The State effectively waived any right to complain of the admission of the evidence of Mr. Berger under these circumstances by introducing it repeatedly on cross-examination without having made an objection. McKee v. Reed, Tex.Civ.App., 166 S.W.2d 353, writ ref.; Bivins v. Oldham, Tex.Civ.App., 224 S.W. 240, writ ref.; Southwestern Cas. Ins. Co. v. Heisterman, Tex.Civ.App., 167 S.W. 1095, writ dism.

 By eliciting the opinion evidence of the witness after hearing his answer to its question about the basis of his opinion without objection, the State assented to the competency of the witness and admissibility of his opinion. International & G. N. R. Co. v. Kindred, 57 Tex. 491; Eastham v. Hunter, 98 Tex. 560, 86 S.W. 323; New Orleans Furniture Mfg. Co. v. Hill Furniture Mfg. Co., 42 Tex.Civ.App. 589, 94 S.W. 148; Texas & N. O. Ry. Co. v. A. G. & J. C. Broom, 53 Tex.Civ.App. 78, 114 S.W. 655, writ ref.

 It has been held that the owner of property, even though unable to qualify to give opinion of the value of property of others, may testify as to the market value of his own property without detailing the basis for his opinion. It is generally held the fact of ownership qualifies him, his qualification resting on the fact that an owner ordinarily knows the value of his property. Hillin v. Hagler, Tex.Civ.App., 286 S.W.2d 661, 662; Pecos & N. T. Ry. Co. v. Grundy, Tex.Civ.App., 171 S.W. 318, 319 and authorities cited; Universal C. I. T. Credit Corp. v. Stewart (5th Cir.) 262 F.2d 745; 32 C.J.S. Evidence § 546 (116), pp. 433–434; 29 Am.Jur.2d, Evidence, Sec. 402, p. 454; 39 A.L.R.2d 244; 24 Tex.Jur.2d, Evidence, Sec. 542, p. 37.

 It has also been held that most opinions as to value are based in part on hearsay because of the very nature of the opinion itself, and this fact alone does not of itself preclude admissibility of the opinion. Burr's Ferry, B. & C. Ry. Co. v. Allen, Tex. Civ.App., 164 S.W. 878, 880, writ ref., and cases cited; 17 Tex.Jur. 2d, Damages, Sec. 237, p. 299; and see Cole v. City of Dallas, Tex.Civ.App., 229 S.W.2d 192, 197.

 The evidence of Berger with the other evidence in the record is adequate to support the jury findings, and the points as to factual and legal inadequacy of the evidence are overruled.

Appellant's points are each overruled.

Affirmed.

---

1. Mrs. Berger testified she did not know the market value of the property, but had "a fair idea just from talking to people; hearsay." Her opinion as to value and damages was the same as her husband's. There was no objection to or motion concerning her testimony, and its admission is not the subject of complaint here. We do not pass on whether her testimony alone would support the verdict.