**STATE of Texas et al., Appellants,**

**v.**

**TELLEPSEN CONSTRUCTION CO. et al.,
Appellees.**

**No. 356.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

Sept. 16, 1970.

**448**

Joe Resweber, County Atty., and Charles F. Mitchell, Asst. County Atty., Houston, for appellants.

Ewing Werlein, Jr., Vinson, Elkins, Searls & Connally, Houston, for appellees.

SAM D. JOHNSON, Justice.

Eminent domain action brought by the State of Texas and the County of Harris, appellants, for the acquisition of certain real property belonging to Tellepsen Construction Company, appellee. The property consisted of approximately 10 acres of land about half of which was being taken for highway purposes. The single issue in the trial court was the market value of the tract of land acquired. In response to the one special issue submitted to them the jury found such value to be $54,429, and judgment for such sum was entered by the trial court. It is from such judgment that the instant appeal is perfected.

At trial three witnesses qualified as experts on real estate values and each testified, without objection, to their opinion of market value. Two of these witnesses, Howard T. Tellepsen and Duncan G. Allen, were called by appellees. Tellepsen testified that such market value was $65,315. Allen testified that such value was $54,429, the exact amount found by the jury. The

third witness, H. F. Finley, was called by the appellants and he testified such value was $30,000.

The single point of error before this Court relates to the testimony of the witness Tellepsen. The point of error is:

"The trial court·erred in overruling appellants' objection to the hearsay testimony of the lay witness Tellepsen with regard to the alleged sales of the alleged comparable properties, as such witness is not a person engaged in the buying, selling and/or appraising of real property as a business or profession."

The essence of appellants' contention is that Tellepsen, who was shown to be the Chairman of the Board of Tellepsen Construction Company, was not qualified as an expert witness, but rather was a lay witness. This being true, appellant contends that the trial court erred in admitting that part of his testimony regarding comparable sales in that he was not qualified to testify thereon because of our Supreme Court's holding in State of Texas v. Oakley, 163 Tex. 463, 356 S.W.2d 909 (Sup.Ct.1962). Appellant contends that the Oakley case limits the admission of such hearsay testimony through "witnesses whose qualification included experience in appraising or dealing in real estate *as a business.*" (Emphasis by the Court at p. 912). There are a number of reasons why appellants' point of error must be overruled.

After the witness' qualifications had been established at trial he gave opinion testimony on the market value of the subject property without objection or challenge. Thereafter the witness was asked to relate some of the sales of comparable properties which he had taken into consideration in arriving at his opinion. It was at this point that appellant sought to interpose his objection.

Mr. Mitchell [attorney for appellants]: "We'll object to hearsay as to sales in which he was not the buyer or seller or broker."

Mr. Werlein [attorney for appellees]: "We would offer this testimony under the rule established in 'State versus Oakley', by the Supreme Court and request the jury be instructed that this testimony is offered not for the proof of the truth of the matter stated, but rather to show the basis of opinion."

The Court: "I'll instruct the jury at this time."

Mr. Mitchell: "Under State versus Oakley, the persons who may testify about this type of hearsay transaction are people in the real estate business or a profession. Mr. Tellepsen is the owner or agent of the owner and may testify as one of the owners about his opinion of the market value. Under the Oakley case, the Supreme Court decision has limited this hearsay testimony in its scope insofar as it is allowed to be testified about by a person engaged in real estate business as a business or a profession."

The Court: "Objection overruled."

Mr. Mitchell: "Exception."

The Court: "I will instruct the jury at this time. The testimony of this witness or any other witnesses, the jury must be the judge of the credibility of the witness and the weight to be given any witness' testimony. Now, you are further instructed that testimony by witnesses not having first-hand knowledge of the matter stated that certain properties had sold for certain prices shall not be considered as evidence that such properties have sold or that such properties have sold for the prices stated, or as evidence of the market value of the property involved, but may only be considered as being information which the witnesses testified they gathered for the purpose of forming an opinion of the market value of the property involved. The jury will read this again in the charge."

Mr. Mitchell: "May it be agreed that my objection will go to all transactions about which he testified in which he was not either buyer, seller or broker. Now, Your Honor, may I sit down and be quiet."

The Court: "The Court will recognize your objection to the testimony of Mr. Tellepsen with reference to any sale of which he has no personal knowledge. The jury will bear in mind the instructions given here."

■ Were it necessary to the disposition of this case we would hold that there was no proper objection before the trial court which clearly and specifically challenged the qualifications of the witness Tellepsen. See Bryant v. Trinity Universal Insurance Company, Tex.Civ.App., 411 S.W.2d 945, err. ref., n. r. e.; Hooten v. Dunbar, Tex.Civ.App., 347 S.W.2d 775, err. ref., n. r. e.

■ Basic to this determination, however, is the fact that the witness was not shown to be disqualified. The determination of whether one qualifies as an expert witness for the purpose of giving opinion testimony is left to the discretion of the trial judge. Absent a clear showing of abuse such discretion will not be disturbed. State v. Oakley, supra; Texas General Indemnity Co. v. Sheffield, Tex.Civ.App., 439 S.W.2d 431, err. ref., n. r. e.; Liberty Universal Insurance Co. v. Gill, Tex.Civ. App., 401 S.W.2d 339, err. ref., n. r. e. The instant record demonstrates no such abuse.

■ The record indicates that the witness Tellepsen had been associated with an active commercial construction company for 34 years and now serves as chairman of its board. In this association the witness had become familiar with the market value of land in the Houston area where the subject property is located. In addition, he was shown to be a joint owner of a Harris County tract of land, the individual owner of still another tract, and that he had previously owned and traded real

**450**

estate in his own name for his own account. The witness was further shown to be active in various land companies through which he had experience in buying and selling real estate as well as subdivision development. The witness' broad business experience in dealing with real estate was not disputed in the record. Thus, while the witness Tellepsen was not shown to be qualified as a broker or appraiser, i. e., one who relied upon sources of information supplied to him by others, his qualifications were established by his own direct experience in buying, selling, trading and dealing in real estate.

In determining whether the Oakley rule is applicable to an expert such as Tellepsen as well as to the professional appraiser, it is necessary to consider the policy considerations which justify this rule. The admission of testimony of comparable sales as a basis of the expert's evaluation of a particular property greatly facilitates the trial of condemnation cases in that it provides the jury with reasonable grounds to evaluate conflicting opinions. Further, without this explanation of the method of evaluation, the expert's opinion is likely to lose much of its force.

Our Supreme Court in Oakley noted that substantial safeguards prevent misuse of this exception to the hearsay rule. These safeguards include the discretion of the trial court, the limiting instruction to the jury, and the "opportunity on cross examination to bring out facts contradictory to the statements and conclusions of the expert," (356 S.W.2d at p. 914). Recently in the case of City of Austin v. Flink, 454 S.W.2d 389 (Sup.Ct.1970), the Court observed that this testimony is generally reliable because it can be checked by the opposite party.

The same policy considerations and safeguards which justify the application of the Oakley rule to the testimony of the professional appraiser are equally applicable to the testimony of the business expert. Therefore, we do not believe that the

Oakley case is to be construed as formulating a rule which permits hearsay testimony on comparable sales by an expert qualified by "second hand" information and yet prohibits testimony by the "first hand" experts themselves.

Finally, it is to be noted that the witness Tellepsen related five comparable sales and that the witness Allen related seven. Four of the five sales relied upon by Tellepsen were duplicitous of sales relied upon by Allen. Even if the admission of the witness Tellepsen's testimony on comparable sales was considered to be error such error would be harmless. Rule 434, Texas Rules of Civil Procedure; State v. Gist, Tex.Civ.App., 374 S.W.2d 736, err. ref., n. r. e.; Barshop v. City of Houston, 442 S.W.2d 682, 686 (Tex.Sup. 1969).

The judgment of the trial court is affirmed.