98186CV.Khader-MikeS.twg.dis.wpd















IN THE
TENTH COURT OF APPEALS
 

No. 10-98-186-CV

     MIKE S. KHADER,
                                                                              Appellant
     v.

     MOHAMED AZIZ MOMIN,
                                                                              Appellee
 

From the 37th District Court
Bexar County, Texas
Trial Court # 96-CI-12429
                                                                                                              

DISSENTING OPINION
                                                                                                              

      This case involves the breach of a commercial property lease. It was tried before the court. 
 At trial the only two witnesses were the lessee, Momin, and the lessor, Khader. The trial court
found in favor of Momin. The only issue Khader brings on appeal is a complaint that the trial
court used an improper measure of damages to award Momin damages of $27, 259.65. Neither
the judgment or the findings of facts and conclusions of law state the measure of damages the trial
court used. Everyone seems to agree that the proper measure is benefit of the bargain. 
Essentially, Khader complains that the evidence is factually insufficient to support the amount of
the damages awarded under a benefit of the bargain measure of damages.
      It was within the province of the trial court, acting in his capacity as the finder of fact, to
determine, based upon the disputed and conflicting testimony, the amount of damages the plaintiff
had suffered. The trial court had before him evidence of over $80,000 in damages. He choose
to award only $27,259.65. The evidence is factually sufficient to support the damages awarded
measured under the benefit of the bargain theory of recovery. Thus I would affirm the judgment
of the trial court, and accordingly I respectfully dissent from the majority opinion. 
      The record of the trial in this case is sometimes difficult to follow. At times the testimony
from the same witness seems to be conflicting. However what is clear and not in dispute is as
follows:
1. Momin agreed to lease the property from Khader for a period of fifteen years.
2. The lease had an option for Momin to purchase the property for $174,000, with certain
discounts depending upon when Momin exercised the option. During the first 10 months the
discount was $1000 per month.
3. The lease agreement required Khader to pay the property taxes, insurance and repairs.
4. Momin paid the rents as they were due under the lease.
5. Khader owed property taxes and a note on the property.
6. Khader failed to pay the property taxes and note payments. The property was foreclosed
upon within the first 5 months of the lease.

      The conflicting testimony, relates primarily to who purchased the property at foreclosure. 
What is clear is that Momin did not purchase it alone, if at all. The evidence at trial was that
Momin’s brother is the one who purchased the property at foreclosure. However, the
unchallenged findings of fact, find that they purchased it together.
      The legal effect of what is undisputed is that Momin has lost the benefits of his lease and
option agreement with Khader. The trial court, in findings of fact and conclusions of law,
determined that Momin had been injured in the amount of $27,259.65. There is no discussion
about how the amount was calculated or what the amount represents. It is acknowledged that this
is the amount of back taxes against the property. It is also the total of two cashiers checks made
payable to “Bexar County Tax” which show the remitter as Momin’s sole proprietorship business.
      The testimony at trial would support damages of zero to over $80,000 depending upon the
testimony that was found to be credible. Neither party did an economic analysis of the value of
the property, or the value of the lease, or the cost to Momin if he had to relocate his business as
a result of Khader’s breach of the lease. Momin did testify that the value of the purchase option
he lost was $40,000. 
      In response to questioning about the value of the option, Momin testified as follows:
Q. How do you come up with the $40,000? Is it – – is there any mathematical formula
we can – – 
 
A. It’s not mathematical formula or whatsoever. The thing is I lost the chance to have
the property on my name and one day I be owning that property. And I don’t have that.

He was the owner of the option. As the owner he could testify regarding its value. Redman
Homes, Inc. v. Ivy, 920 S.W.2d 664 (Tex. 1996); State v. Berger, 430 S.W.2d 557 (Tex. Civ.
App. – Waco 1968, writ ref’d n.r.e.). Further, there was no objection to his testimony of value. 
If he and his brother had not purchased the property at foreclosure, which they had no obligation
to do, he also would have lost his investment in improvements made to the property.
      Khader wants this Court to calculate the damages based upon what he contends to be 
Momin’s lost benefit of the bargain. He asserts that the benefit Momin lost is the price paid at
foreclosure plus the back taxes paid, less the option price of $174,000. He does not credit Momin
for the option discounts that Momin contracted for and to which Momin would have been entitled
if Momin had purchased the property pursuant to the option. Khader’s damage computation also
does not allow for the fact that Momin would not have to pay the option price, taxes, insurance,
or repairs until after he had exercised the option, which could be as many as fifteen years in the
future. Khader’s measure of damages also does not consider that during the period of time prior
to exercising the option, Khader had the risk of decreases in the market value of the property. The
option agreement had value to Momin because it protected him from decreases in market value
because he was not obligated to purchase the property, but would have allowed Momin to benefit
from property value increases by exercising the option. 
      According to Khader, Momin’s damages total $177,259.65 less $174,000, or $3,259.65. This
is the amount the majority awards Momin for the undisputed breach of the lease. Like Khader,
the majority has stripped Momin of the value of the lease and option and only partially
compensates him for Khader’s breach of the lease agreement. Momin has not received the benefit
of his bargain.
      It is not our task to try to determine what the trial court did or why. Our task is much more
focused. We must analyze the points of error raised by the appellant, and determine, based upon
the record before us, if the trial court erred. Great North American Stationers, Inc. v. Ball, 770
S.W.2d 631, 634 (Tex. App. -- Dallas 1989, no writ). Finding that the amount of damages
awarded by the trial court as the finder of fact is well within the range of damages supported by
the evidence of Momin’s lost benefits of his lease and option, I would affirm the judgment.


                                                                         TOM GRAY
                                                                         Justice

Opinion delivered and filed June 9, 1999
Do not publish