Reversed and Remanded and Majority and Dissenting Opinions filed
February 3, 2009








Reversed and Remanded and Majority and Dissenting Opinions filed February 3,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00225-CV

_______________

 

SPEEDY STOP FOOD STORES, LTD., Appellant

 

V.

 

 

REID ROAD MUNICIPAL UTILITY DISTRICT NO. 2, Appellee

                                                                                                                                               


On Appeal from the County Civil at Law
No. 4

Harris County, Texas

Trial Court Cause No. 840243

                                                                                                                                               


 

D I S S E N
T I N G   O P I N I O N








Rulings
on admission or exclusion of evidence rest within the sound discretion of the
trial court.  Horizon/CMS Healthcare Corp. v. Auld, 34 S.W.3d 887, 906
(Tex. 2000).  We should not reverse the trial court=s decision to admit or exclude
evidence unless it is shown that the trial court abused its discretion, and the
erroneous ruling probably caused rendition of an improper judgment.  Gee v.
Liberty Mut. Fire Ins. Co., 765 S.W.2d 394, 396 (Tex. 1999).  The standards
for admissibility of evidence in a summary judgment proceeding are the same as
those applicable to a regular trial.  United Blood Servs. v. Longoria,
938 S.W.2d 29, 30 (Tex. 1997); Miller v. Raytheon Aircraft Co., 229
S.W.3d 358, 365 (Tex. App.CHouston [1st Dist.] 2007, no pet.).  Accordingly, for reasons
outlined below, I would hold the trial court did not abuse its discretion.  

First,
in its brief, Speedy Stop did not directly address the consequences of its
failure to timely designate experts. The failure to designate experts as
required by the rules is sanctionable by exclusion of the expert=s report.  Tex. R. Civ. P. 193.6; see
also Duerr v. Brown, 262 S.W.3d 63, 76 (Tex. App.CHouston [14th Dist.] 2008, no pet.); Metzger
v. Sebek, 892 S.W.2d 20, 38 (Tex. App.CHouston [1st Dist.] 1994, no writ) (AEvery trial court has the >inherent power= to control the disposition of the
cases on its docket >with economy of time and effort for itself, for counsel, and
for litigants.=@ (quoting Landis v. N. Am. Co., 299 U.S. 248, 254 (1936))). 
Consequently, this court should affirm the trial court=s summary judgment based solely on
Speedy Stop=s failure to timely designate expert witnesses.  See Joe v. Two Thirty
Nine Joint Venture, 145 S.W.3d 150, 157 (Tex. 2004). 








Second,
I disagree with the majority=s suggestion that we are presented with a case of first
impression relative to whether an unqualified corporate representative or agent
should be allowed to give expert testimony regarding the market value of
property.  The Texas Supreme Court has held that a landowner may testify
regarding the market value of his real property despite his lack of competence
to testify regarding the value of property belonging to another.  Porras v.
Craig, 675 S.W.2d 503, 504 (Tex. 1984).  LeBeff is the vice president of
C.L. Thomas, Inc., Speedy Stop=s general partner.  He signed his affidavit Aon behalf of the owner, as the owner=s representative and as the owner.@  Although he stated that he
supervised all of Speedy Stop=s property acquisitions, he is not the land owner.  Speedy
Stop owns the land, not LeBeff.[1]  Accordingly,
LeBeff is not competent to testify regarding the value of Speedy Stop=s property.      








Third, I
disagree with the majority=s suggestion that in Taiwan Shrimp Farm Village Ass=n, Inc. v. U.S.A. Shrimp Farm
Development, Inc.
915 S.W.2d 61(Tex. App.CCorpus Christi 1996, writ denied) and Libhart v. Copeland,
949 S.W.2d 783, 798 (Tex. App.CWaco 1997, no pet.), our sister courts held the Property
Owner Rule applies to corporations.  In Taiwan Shrimp Farm Assoc., the
court of appeals cited Porras for the proposition that a property owner
may testify regarding the market value of his property. Without distinguishing
between the corporate entity and its president, the court justified its
decision with the bare assertion that Aa property owner can testify to
market value as long as testimony shows it refers to market value and not
intrinsic value.@ 915 S.W. 2d at 71.  In Libhart, former members of a
dissolved church, previously formed as an unincorporated association, sued
their former pastor for fraud and conversion of the
parsonage. See 949 S.W. 2d at 790-91.  The court of appeals noted A[the pastor] testified that he was
trying to sell the parsonage for $55,000.  He agreed with [the former member=s] counsel that it was worth that
much.@  Id.  at 798.  Citing Porras and Taiwan
Shrimp Farm Ass=n, the court held the pastor=s admission regarding the
value of the parsonage constituted some evidence from which the jury could
award damages.   Id.  The court of appeals did not base its opinion on
the pastor=s capacity as an agent of the church. 

Speedy Stop cites a number of cases in which Texas courts
allowed an agent of a business entity to testify regarding value of property. 
However, none of those cases involved  an agent of a business entity who was
allowed to testify under the landowner exception to the general rule that the
difference in value of land immediately before and after the taking must be
proved by the testimony of a properly qualified expert.  See Maxey v. Tex.
Commerce Bank of Lubbock, 571 S.W.2d 39 (Tex. Civ. App.CAmarillo1978, writ ref=d n.r.e.) (involving qualified expert
testifying about property value.); State v. Tellepsen Const. Co., 459
S.W.2d 447 (Tex. Civ. App.CHouston [14th Dist.] 1970, no writ) (same);  Tex. Pig
Stands, Inc. v. Krueger, 441 S.W.2d 940 (Tex. Civ. App.CSan Antonio 1969, writ ref=d n.r.e.) (holding principal
shareholder of corporation, who negotiated leases of corporation for eleven
years, may testify regarding value of leasehold in connection with
apportionment of condemnation award between lessor and lessee, but not
addressing whether principal shareholder qualified as an expert or testified
pursuant to landowner exception). 

Giving
due regard for vertical and lateral stare decisis, it is my considered opinion
that the holding in Mobil Oil Corp. v. City of Wichita Falls controls
our disposition of this appeal.  489 S.W.2d 148, 150 (Tex. Civ. App.CFort Worth 1972, writ ref=d n.r.e.).  In a condemnation case
where the issue of expert testimony from an unqualified corporate agent  was
sharply drawn, the Fort Worth Court of Appeals emphatically concluded that the
landowner exception does not extend to designated agents of corporate property
owners, unless the agent qualifies as an expert. Id.  Accordingly, I
would sustain the trial court=s decision to exclude Lebeff=s affidavit because LeBeff is not the
owner of the subject property.








Speedy Stop further contends the summary judgment should be
reversed because the appraisal and testimony of Reid Road=s witness, David Ambrose, amounts to
some evidence that the condemned property had value.  Speedy Stop argues that
the trial court abused its discretion by excluding David Ambrose=s report and testimony before the
special commissioners.  The record is silent relative to the trial court=s rationale for excluding Ambrose=s report and testimony.  As
previously noted, Speedy Stop ignores the possibility that the trial court did
not consider Ambrose=s report simply because Speedy Stop did not timely designate
experts. 

Speedy
Stop supports its contention that the David Ambrose report and earlier
testimony are not hearsay, arguing that such statements are an admission
against interest.  Speedy Stop cites Yarbrough=s Dirt Pit v. Turner for the proposition that a
conclusion by an expert hired by an adverse party is similar to an admission by
a party opponent, and that a conclusion of an expert witness hired by an
opposing party is admissible against the party opponent.  65 S.W.3d 210, 214
(Tex. App.CBeaumont 2001, no pet.).  However, I am not persuaded by the rationale in
Yarbrough.  See McCluskey v. Randall=s Food Mkts., Inc., No. 14-03-01087-CV,  2004 WL
2340278, at *3B5 (Tex. App.CHouston [14th Dist.] Oct. 19, 2004, no pet.) (mem. op.).  To
hold that all statements made by an expert witness are admissions of the party
who called the expert is to misconstrue the rules of evidence, the law of
agency, and the purpose for employment of expert witnesses.








To be an
admission under rule 801(2), a statement must be made by a party=s agent or servant.  Tex. R. Evid.
801(2).  A person is not an agent or servant unless he is subject to another
party=s control.  See Coleman v.
Klocknew & Co. AG, 180 S.W.3d 577, 588 (Tex. App.CHouston [14th Dist.] 2005, no pet.). 
If there is no proof of control, there is no agency relationship.  Ross v.
Tex. One P=ship, 796 S.W.2d 206, 210 (Tex. App.CDallas 1990), writ denied, 806
S.W.2d 222 (Tex. 1991) (per curiam).  Under the Rules of Evidence, an
expert  is required to testify regarding his own, theoretically impartial,
opinion.  See Tex. R. Evid 602.  Accordingly, testimony of an expert
should not, ipso facto, be deemed an admission of the party who
originally sought the expert=s opinion.

Although testimony of an expert may be
admissible as an admission by a party opponent if the expert is the agent or
servant of the party opponent, see Tex. R. Evid 801(2), Speedy Stop has
presented no evidence that Ambrose was acting as an agent or servant of Reid
Road for any purpose other than to provide expert testimony.  Because there is
no evidence in the record supporting the contention that the report constitutes
an admission by Reid Road, I would hold that the trial court did not abuse its
discretion by excluding Ambrose=s report and
earlier testimony. 

 

For all the reasons outlined above, I
would affirm the judgment of the trial court.  Accordingly, I respectfully
dissent.

 

 

 

 

 

/s/        Charles W. Seymore

Justice

 

 

Panel consists of Justices Frost,
Seymore and Guzman (Seymore, J., dissenting)

 









[1]  The majority opines:  ACorporate owners are property owners just as natural persons are, and
the Porras court did not give any indication that the Property Owner
Rule is limited to owners who are natural persons.@ Supra at p.6.  My colleagues miss the Porras
court=s point about ownership. The majority in Porras cited
State v. Berger, 430 S.W. 2d 557, 559 (Tex. App.BWaco 1968, writ ref=d
n.r.e.), in support of their conclusion that a witness, who is otherwise
unqualified to give expert testimony, may testify regarding the market value of
his own property, not the property of others. Porras v.
Craig, 675 S.W.2d 503, 504 (Tex. 1984) The Property Owner Rule is
predicated entirely on ownership. It rests on the fact that an owner ordinarily
knows the value of his property. Berger, 430 S.W. 2d at 559.  A
corporation that owns property cannot present testimony without designating an
agent or employee who, by definition, is not the owner.  I submit that the
Texas Supreme Court implicitly decided this issue in Porras. Moreover,
extending the Property Owner Rule to allow expert testimony from designated
agents of corporations who are otherwise unqualified to give such testimony
would emasculate the purpose and intent of Rule 702, Texas Rules of Evidence.